[No. 12870.   In Bank. — August 2, 1889.]

## MEYER GREENBERG, RESPONDENT, *v.* M. J. HOFF, APPELLANT.

PRACTICE — VERDICT — UNSIGNED SPECIAL FINDINGS CANNOT CONTROL SPECIAL VERDICT. — The findings of the jury on special issues submitted to them are ineffective for any purpose, and cannot control the general verdict, unless they are signed either by the jury as a whole, or by their foreman; and the failure of the party against whom the special issues are found to object to the findings being received is not a waiver of the defect.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion of the court.

*J. M. Wilcoxon*, for Appellant.

*Graves, Turner & Graves*, for Respondent.

WORKS, J.—Action for money due on an account. Answer, that the debt sued for was for money loaned by the plaintiff to the defendant for the purpose of engaging in the business of gaming and conducting the game of faro, the plaintiff to share in the profits to be realized from the game, and that the defendant had been discharged in insolvency. There was a general verdict for the plaintiff, and judgment was rendered accordingly. The appeal is from the judgment. A bill of exceptions shows that certain special interrogatories were submitted to the jury and returned with the general verdict, with an answer to each appended thereto, but not signed by the jury or their foreman, and that the jury were polled and answered that the verdict and these special answers were theirs. The only point made in the case is, that the answers to these special interrogatories sustained the special defenses set up by the defendant and entitled him to judgment, and that they should control the general verdict. But the answers to these special interrog-

atories must have been signed either by the jury as a whole or by their foreman, to make them effective for any purpose. (Code Civ. Proc., sec. 618.)

There is no other way in which a general verdict or special findings can be authenticated.

Counsel say that the failure to sign was a mere oversight, and the plaintiff made no objection to the answers being received without signing. If the jury had failed by a mere oversight to return any verdict at all, the oversight could not supply the omission. No more could it when the verdict was not signed. The fact that the plaintiff did not object cannot help the matter. It was the duty of the defendant, if he expected to rely upon the findings, to see that they were in proper form. Not having done so, he has no reason to complain.

Judgment affirmed.

McFarland, J., Sharpstein, J., Fox, J., and Paterson, J., concurred.

Rehearing denied.