IDA O. WINNER, RESPONDENT, *v.* GEORGE H. LATHROP, APPELLANT.

67h    511.
e 78 AD³479

*Physician and surgeon — degree of skill and care required of him — action for malpractice — burden on plaintiff to establish want of ordinary skill — inspection of injured part at the trial.*

The law exacts of members of the medical and surgical profession the possession of a reasonable degree of learning and skill, such as is ordinarily possessed by the profession, and such as is ordinarily regarded by the profession as necessary to qualify a person to engage in it; and it demands of a practitioner the use of reasonable and ordinary care and deligence, in the exercise of his skill and the application of his knowledge, to accomplish the purpose for which he is employed, and requires that he use his best judgment in the application of his skill, but it does not always require the highest order of talent and skill to be found in the profession, nor does it make the practitioner an insurer as to the results or hold him responsible for not restoring a fractured limb, in all cases, to its normal condition or usefulness.

The burden is on the plaintiff, in an action against a physician or surgeon for the recovery of damages for malpractice, of establishing affirmatively either want of ordinary skill in the defendant or a failure to use his best skill, or some negligence in the care or attention given to the plaintiff's case which resulted in the injury complained of.

Where a party claiming a physical injury has voluntarily submitted the injured part to the inspection of the jury on a trial, as evidence in his own behalf, he must permit the adverse party to follow up such examination in the presence of the jury by a personal or professional inspection of such injured part.

APPEAL by the defendant, George H. Lathrop, from a judgment of the Sullivan County Court, entered in the office of the clerk of Sullivan county on the 23d day of March, 1892, upon the verdict of a jury for fifty dollars, in favor of the plaintiff, rendered on a trial in the Sullivan County Court before the court and a jury; and from an order, entered in said clerk's office on the 10th day of February, 1892, denying defendant's motion for a new trial on the minutes.

*S. M. Maybee* and *T. F. Bush*, for the appellant.

*W. J. Groo*, for the respondent.

MAYHAM, P. J.:

This is an appeal from a judgment of the Sullivan County Court, entered upon the verdict of a jury and from an order denying a motion for a new trial upon the minutes of the judge.

The action was for damages claimed to have been sustained by the plaintiff by reason of the alleged unskillfulness or negligence of the defendant as a surgeon in reducing a fracture of the plaintiff's arm or wrist.

The plaintiff fractured the radius or upper bone in her fore-arm and several hours after the injury called on the defendant to reduce the fracture. At that time the arm was much swollen, but the defendant undertook to, and as he claimed, did, adjust the fractured bone and applied splints and bandages. The defendant by his testimony on the trial described his method of treatment and instructions to the plaintiff, and testified that the same was the approved method known to the profession, and in this he was sustained by the expert testimony in the case.

He was, however, disputed as to the method of treatment by the plaintiff, who testified that he advised bathing the parts with a decoction of wormwood and vinegar, which the expert testimony condemned, but he denied that he gave any such direction. He was not employed to visit the patient, but she visited him at his office on three occasions, at intervals of about two weeks. The medical testimony characterizes this fracture as one of the most difficult to treat, and that in a large per centage of the cases a perfect cure cannot be effected with the most skillful surgical treatment.

The plaintiff's arm was not perfectly restored to its former usefulness, the wrist remaining to some extent stiff; the rotary motion of the arm obstructed, and the usefulness of the hand was permanently impaired.

The defendant was shown to be a regularly graduated surgeon from a duly organized medical and surgical college, and there is no evidence of neglect on his part to exercise his best skill and attention in treating this fracture at the times the same was submitted to him for treatment.

While there is to some extent a disputed question of fact as to the directions of the defendant to apply wormwood and vinegar which, if important to the result, was for the jury, yet it does not seem to us to be such a departure from approved medical treatment, even if the jury found with the plaintiff on the question, as to justify a recovery against the defendant.

There is no evidence that the limb was not properly adjusted and bandaged, and the evidence does not disclose that the application of the decoction of vinegar and wormwood, if applied, could have injuriously affected the desired cure.

The law exacts of the medical and surgical profession the possession of a reasonable degree of learning and skill; such as is ordinarily possessed by the profession, and such as is ordinarily regarded by the profession as necessary to qualify a member thereof to engage in the profession, and that he will use reasonable and ordinary care and diligence in the exercise of his skill and the application of his knowledge to accomplish the purpose for which he is emyloyed; and that he will use his best judgment in the application of his skill. But it does not always require the highest order of talent and skill to be found in the profession; nor does it make the practitioner insurer as to the results, or hold him responsible for not restoring a fractured limb, in all cases, to its normal condition or usefulness. (*Carpenter* v. *Blake*, 10 Hun, 358; *Wells* v. *World's Dispensary Medical Association*, 9 N. Y. St. Rep., 459.)

The burden of establishing affirmatively, either want of ordinary skill or a failure to use his best skill, or some negligence in the care or attention of the plaintiff's case which resulted to her injury, must be met before she can recover. This, the evidence in this case does not disclose.

The defendant also insists that the trial judge erred in refusing to allow the defendant to examine the plaintiff's wrist on the trial in the presence of the jury, after she had bared the same and exhibited it to the jury, and assumed to move it for the purpose of showing its defects. It is quite true, as contended by the learned counsel for the respondent, that the court has no power to compel an injured party in a case like this to exhibit her injury to the

defendant before trial for inspection, for the purpose of furnishing evidence for the defendant.

In *McQuigan* v. *The Delaware and Lackawanna Railroad Company* (129 N. Y., 50) the Court of Appeals held that the court had no power to compel a party, in advance of a trial for physical injury, to submit to a surgical examination on the application of the adverse party.

But Judge ANDREWS, in his opinion, states that : " The sole question presented by this record is whether the Supreme Court has power, in advance of the trial of an action for personal and physical injury, to compel the plaintiff, on application made in behalf of the defendant, to submit to a surgical examination ; " any discussion beyond the examination of that precise question in that case would be irrelevant and *obiter*, and would not, therefore, be authority in a case where, on the trial, the injured party had voluntarily exhibited the injured part to the jury.

The same doctrine was held by the General Term in *Roberts* v. *Ogdensburgh, etc., Railroad Company* (29 Hun, 158), where an order of a Special Term granting such examination before trial was reversed. In this case, as in the case of *McQuigan* v. *Railroad Company* (*supra*), all that the court was called upon to decide was as to the power of the court to compel an examination before trial.

In *McSwyny* v. *Broadway and Seventh Avenue* (7 N. Y. Supp., 459) it was held that a plaintiff might properly refuse to submit to a personal inspection of the alleged injury on the application of the defendant at the trial. But the plaintiff had not in that case voluntarily exhibited the injured part to the jury as done in this. I have been referred to no case nor have I been able to find any in which a party claiming a physical injury has first voluntarily submitted the injured part to the inspection of the jury as evidence, and has refused to permit the adverse party to follow up that examination in the presence of the jury by a personal or professional inspection of such injured part.

Such an examination seems to me to stand upon a different principle from that of a compulsory examination by the adverse party before or at the trial when the injured party has not made *profert* of the injured part.

It seems to me that it would be unfair and might result in gross

injustice to the party against whom such evidence was used. In such a case it would be in the power of the party, by muscular distortion of the injured part, especially an arm or hand, to impose upon the jury and court, as well as the adverse party, and produce upon the mind of the jury a false impression as to the extent of the injury.

The member having been put in evidence as a part of the direct examination, it is, for the purposes of the trial, made the property of the court and opposite party for the purpose of a cross-examination. It is difficult to conceive of a species of evidence that is offered by one party in support of his case which may not, in the presence of the same tribunal, be examined and criticised by the party against whom it is offered. We think, therefore, that the inspection and examination of this limb should have been ordered and permitted by the court, and, in case of refusal to submit to such inspection by the plaintiff, her evidence, so far as that exhibit and explanation of the same by the plaintiff was concerned, should have been stricken out on defendant's motion.

The plaintiff had a right to exhibit this injured limb to the jury and the defendant had no power to exclude it. (*Hiller* v. *The Village of Sharon Springs*, 28 Hun, 344.) In this case LEARNED, P. J., says: "But, if the plaintiff's leg was injured, there was no more certain and unquestionable way of proving that fact to a jury than by showing them the leg itself."

In *Mulhado* v. *Brooklyn City Railroad Company* (30 N. Y., 370), the court, speaking upon this subject, say: "Such exhibition certainly tended to make the description of the injury more intelligible."

If the party injured can offer this evidence, most certainly the adverse party should be permitted to cross-examine and criticise such evidence.

For both the grounds above discussed we think that this judgment and order should be reversed.

HERRICK, J., concurred; PUTNAM, J., concurred in the result.

Judgment and order reversed and a new trial granted, costs to abide the event.