Haynes v. Trenton.

HAYNES v. TRENTON, *Appellant.*

Division One, June 19, 1894.

1. **Contributory Negligence:** ORDINARY CARE: PRESUMPTION: IN-STRUCTION. Where there is evidence before the court tending to show plaintiff's contributory negligence, it is error to instruct the jury that the law presumes that plaintiff was exercising ordinary care at the time of his injury.

2. ————: EVIDENCE: ADMISSIONS. Testimony of admissions of facts by a party, from which his negligence may fairly be inferred, is sufficient to justify an inference or finding of such negligence.

3. **Practice:** JURY: CREDIBILITY OF WITNESSES. The question of the credibility of testimony is for the jury.

4. **Negligence, General Plea of:** WAIVER. A general plea or allegation of negligence is sufficient as against an objection first raised upon appeal.

5. **Supreme Court Practice:** INSTRUCTION: RES NON JUDICATA. The fact that an instruction, given on a former trial, was not questioned on appeal, does not estop a party from objecting to the same instruction at a latter trial and obtaining a review of it on a subsequent appeal.

6. ————: WAIVER. A party may waive his right to a reversal of a ruling on a particular point by not raising it; but such waiver does not necessarily amount to a consent to the same ruling at a latter trial.

7. ————: ERROR: PRESUMPTION OF PREJUDICE. Error is regarded as prejudicial unless affirmatively shown to be harmless.

8. **Practice:** PERSONAL INJURIES: PERSONAL EXAMINATION OF PLAIN-TIFF: EVIDENCE. Where plaintiff exhibits his injured leg to the jury on a trial as to the cause of the injury, it is error to refuse permission to the adverse party to have the leg examined in open court by experts, with a view to introduce their testimony as to the character of the. injury and its probable permanency. Per MACFARLANE, J., BLACK, C. J., and BRACE, J., concurring.

*Appeal from Sullivan Circuit Court.*—HON. G. D. BUR-
GESS, Judge.

REVERSED AND REMANDED.

*George Hall, O. M. Shanklin, O. G. Williams* and
*J. P. Butler* for appellant.

(1) After respondent had exhibited to the jury
the inflamed condition of his injured leg while on the
witness stand, appellant had the right to have its med-
ical witnesses inspect it in the presence of the jury,
that they might be better able to testify as to what
caused its inflamed condition, and the court erred in
refusing to permit said inspection. *Hatfield v. Rail-
road*, 22 N. W. Rep. 176; *Schroeder v. Railroad*, 47
Iowa, 375; *Railroad v. Thul.* (29 Kan. 466), 44 Am.
Rep. 659; *White v. Railroad* (61 Wis. 536), 50 Am.
Rep. 154; *Sibley v. Smith* (46 Ark. 275), 55 Am. Rep.
584; *Wash v. Sager*, 52 How. Prac. 334; Thompson on
Trials, sec. 8859; *Sheppard v. Railroad*, 85 Mo. 629.
(2) Instructions 11, 12 and 13, asked by appellant
properly declared the law under the evidence in the case
and the court erred in refusing to give the same. (3)
The second instruction given on behalf of the plaintiff
is erroneous in this, that it tells the jury that "it was
the duty of defendant to keep its streets and sidewalks
in good repair, free from obstruction and safe for
travel," which requires defendant's walks to be per-
fectly good and absolutely safe, a duty the law does not
require of it, but it is its duty to keep its walks in rea-
sonably safe repair and reasonably safe for travel only.
*Brennan v. St. Louis*, 92 Mo. 482; *Kling v. City of Kan-
sas*, 27 Mo. App. 231; *Bassett v. St. Joseph,* 53 Mo.
290; *Kiley v. City of Kansas*, 87 Mo. 103; *Carrington v.
St. Louis*, 89 Mo. 208; *Maus v. City of Springfield*, 101

Mo. 613; Dillon on Municipal Corporations [3 Ed.] sec. 1019. (4) The instruction is objectionable for the further reason that, to entitle plaintiff to recover, she was required to use reasonable care in passing over the walk. This omission is not cured by the words, "exercising ordinary care." See authorities above cited; *Loosh v. Des Moines*, 38 N. W. Rep. 384; *Kendall v. Albia*, 34 N. W. Rep. 833; *Holloway v. Lockport*, 7 N. Y. Supp. 363; *Sandwich v. Dalon*, 23 Am. State Rep. 598 (133 Ill. 177.); *Salmon v. Trenton*, 21 Mo. App. 182; Dillon on Municipal Corporations [3 Ed.], sec. 1020. These errors are not cured by defendant's instructions given, but are in conflict therewith. *Staples v. Canton*, 69 Mo. 592. (5) The respondent's second instruction is erroneous for the further reason that what was ordinary care on the part of respondent is a question of law and should have been defined by the court and not submitted to the jury. *State v. Mitchell*, 98 Mo. 657; *Albert v. Besel*, 88 Mo. 150; *State to the use of Reyburn*, 31 Mo. App. 385; *Morgan v. Durfee*, 69 Mo. 469; *Carson v. Machine Co.* 36 Mo. App. 462; *Turner v. Railroad*, 76 Mo. 261; *Railroad v. Cleary*, 77 Mo. 634; *Kendig v. Railroad*, 79 Mo. 207; *Dyer v. Brannock*, 2 Mo. App. 432; *Booher v. Neese*, 75 Mo. 383. (6) The fourth instruction given on behalf of plaintiff is erroneous, because it ignores the question of contributory negligence. *Stocker v. Green*, 94 Mo. 280; *Birtwhistle v. Woodward*, 95 Mo. 113; *Bailey v. Beasley*, 32 Mo. App. 469. (7) Appellant having charged respondent with contributory negligence, and offered evidence to support the same, the court erred in giving the sixth instruction asked by respondent. *Ham v. Barrett*, 28 Mo. 388; *Nichols v. Winfrey*, 79 Mo. 544; *Moberly v. Railroad*, 98 Mo. 183; *Myers v. City of Kansas*, 108 Mo. 480; *Rapp v. Railroad*, 106 Mo. 423; *Bluedorn v. Railroad*, 121 Mo. 258. (8) The damages

assessed by the jury are excessive. *Haynes v. Trenton*, 108 Mo. 123.

*Harber & Knight* and *Silver & Brown* for respondent.

(1) The court did not err in overruling defendant's demand to have plaintiff's injured leg inspected by its physician in the presence of the jury. The matter was at most, for the discretion of the court, and its action thereon can not be assigned for reversible error unless it manifestly abused its discretion, which was not the case here. *Owens v. Railroad*, 95 Mo. 169; *Sidekum v. Railroad*, 93 Mo. 400; *Shepard v. Railroad*, 85 Mo. 629; *Norton v. Railroad*, 40 Mo. App. 642; *Kinney v. Railroad*, 39 Mo. App. 97. The court had no power to compel the plaintiff to submit his person to a physical examination by defendant's physicians. *Railroad v. Botsford*, 141 U. S. 250; *Pennsylvania Co. v. Newmeyer*, 34 C. L. J. 44 (Ind. s. c. and cases cited). Besides, there was no proper or timely application made by appellant for such examination, and hence could have well been refused on this ground alone. *Hess v. Lowry*, 122 Ind. 225; *Railroad v. Bunker*, 26 N. E. Rep. (Ind.) 178. (2) The trial court did not commit any error in refusing appellant's instructions numbers 11, 12 and 13. It is not error to refuse instructions the substance of which are embraced in those already given. *Naylor v. Cox*, 114 Mo. 232; *Gorham v. Railroad*, 113 Mo. 409; *Payne v. Railroad*, 112 Mo. 7. (3) The second instruction given for plaintiff stated the law correctly. The first objections made to it in appellant's brief were raised and overruled in a recent case decided in this court. *Burdoin v. Trenton*, 116 Mo. 358; *Roe v. City*, 100 Mo. 190; *Fritz v. City*, 84 Mo. 632; *Russell v. City*, 74 Mo. 480; 2 Dillon on Mun. Corp. [2 Ed.], sec. 789.

It is error for the court to instruct the jury what circumstances do or do not constitute ordinary care. *Wabash v. Elliott*, 98 Ill. 481. (4) The respondent's fourth instruction is not erroneous because it ignores his contributory negligence; the latter question was fully submitted in other instructions given in the case notably in numbers 3 and 4 given for defendant. *Owens v. Railroad*, 95 Mo. 169; *Daugherty v. Railroad*, 97 Mo. 647. (5) The doctrine of the case of *Sullivan v. Railroad*, 88 Mo. 182, was rightly overruled in the two cases above mentioned. It is true the instruction says "the defendant is liable" but it necessarily means that it is liable under the circumstances and conditions stated in the instructions given in the case. Instructions must be taken as an entirety and not as though each separate one was intended to embody the whole law of the case. *McKeon v. Railroad*, 43 Mo. 405; *Owen v. Railroad*, 95 Mo. 169; *Shortell v. City*, 104 Mo. 114. (6) "A second appeal taken brings up for a review and decision nothing but the proceedings subsequent to the reversal." Herman on Estoppel, sec. 115; *Ogden v. Larrabee*, 70 Ill. 510. "We have already stated that the court submitted the case to the jury upon four instructions drawn in accordance with the theories which this court announced in its opinions in the two former appeals. This rendered the giving of any other instructions unnecessary; and the court could not be put in the wrong, and the judgment reversed, for refusal of any number of other instructions however correct in themselves, or appropriate." *Hayden v. Grillo's Adm'r*, 42 Mo. App. 1; *Lead & Zinc Co. v. Ins. Co.*, 41 Mo. App. 406; *Boon v. Shackleford*, 66 Mo. 493. (7) The defendant did not properly or sufficiently plead contributory negligence; it should have set out the facts constituting it. *Harrison v. Railroad*, 74 Mo. 364. The only evidence tending to show contributory negligence is the testimony of

some of defendant's witnesses (which plaintiff denied in his testimony)that plaintiff had made the statement that he was looking at a passing sleigh when he fell into the hole. Merely looking at a passing sleigh did not constitute or show contributory negligence; it was at most but a circumstance bearing on the question of plaintiff's using care. The recent cases referred to in appellant's brief are unsound in principle and should not be followed. The damages are not excessive. Much larger verdicts for similar or less injuries have been sustained in this court. *Griffith v. Railroad*, 98 Mo. 168 ($9,000 for a broken leg); *Johnson v. Railroad*, 96 Mo. 330 ($5,000 for lost eye); *Daugherty v. Railroad*, 97 Mo. 747 (verdict for $12,000 for loss of arm, and other injuries).

BARCLAY, J.—This is an action to recover compensation for personal injuries sustained by plaintiff. It is based on defendant's alleged negligence in omitting reasonable care to keep a sidewalk in proper condition for public use.

It is the same action that was before the second division on a former occasion. *Haynes v. Trenton* (1892), 108 Mo. 123.

Plaintiff's case, shortly stated, is that he fell through a hole in the sidewalk of one of the public streets in the city of Trenton, Missouri. He was walking homeward, about 7 P. M., January 12, 1888, when the boards of the plank walk, provided for pedestrians on Fifth street, in that city, gave away. Plaintiff fell into the hole and upon some loose rocks below.

At the place of the accident, according to plaintiff's account, the footway was quite narrow; the planks were loose, worn and old; one was entirely out; and some of the cross pieces (or supports) were gone.

The sidewalk and streets were covered with snow at the time, though no negligence is charged against defendant on that account.

The hole into which plaintiff fell was between three and four feet deep.

Plaintiff described his injuries fully at the trial; but it will not be necessary to state them now particularly.

There was testimony that the defective condition of the sidewalk had existed for months before plaintiff's misfortune.

The defenses were a denial of the alleged negligence and a counter charge of contributory negligence.

The case was tried with the aid of a jury, who returned a verdict for plaintiff in the sum of $5,000, upon which judgment was rendered.

Defendant appealed, after the necessary motions and exceptions to secure a review.

One of the instructions given at the instance of the plaintiff, and now assigned as error, is as follows:

"6. Although the plaintiff may have frequently passed over the walk in question and knew the condition thereof, and knew of the excavation or hole, yet if the same was one of the accustomed routes of travel in said town and in general use by the public, he was not bound to abandon the same, but had the lawful right, notwithstanding his knowledge aforesaid, to travel upon and over said walk; and the law only exacts of him the exercise of ordinary care while so doing, and the law presumes that he was, and did exercise such care; and the burden of proof is on the defendant to show to the contrary to the reasonable satisfaction of the jury."

1. Defendant's objection to the instruction just quoted relates to that part which declares that the law ·

presumes plaintiff was exercising ordinary care at the time of the accident.

That sort of statement to the jury has often been condemned of late, in cases involving the same principles that govern this one.

The statement does not even accurately embody a rule of law, to say nothing of its obviously misleading tendency.

When the evidence before a jury is such as to justify an inference or finding of contributory negligence on plaintiff's part, the law does not presume that he is guiltless of such negligence. The issue of his negligence, viewing it most favorably for him, is then one of fact for the jury; and to that issue it is their province to respond. To tell them that the law entertains a presumption that plaintiff was exercising proper care, in the face of evidence tending to a contrary conclusion, has, necessarily, the effect to greatly weaken the probative force of that evidence.

In the case at bar there was direct testimony of admissions by plaintiff to several witnesses that, while he was looking at some persons in a passing sleigh, he walked off the sidewalk, and so was injured.

He contradicted those admissions; but the issue of credibility thus raised was for the jury. There certainly was a basis which would have sustained a finding that the alleged admissions contained the true account of his mishap. If they did, the jury might reasonably have found that his act in stepping off the walk was negligent.

The defendant was entitled to have the jury left free, on such an issue, to find according to their own judgment of the facts, without the suggestion of a rule by the court which could properly apply only in the absence of any evidence of negligence on plaintiff's part.

But it seems unnecessary to further re-argue the question involved in this assignment of error. It has been frequently before the court heretofore.

We think it should now be considered settled by the adjudications (of which but a few of the latest will be cited) that the form of instruction adopted in this case is erroneous upon the point indicated. *Myers v. Kansas City* (1892), 108 Mo. 480; *Weller v. Railroad* (1893), 120 Mo. 635; *Bluedorn v. Railroad* (1894), 121 Mo. 258 (25 S. W. Rep. 943.)

2. The plaintiff seeks to parry the force of the objection to the sixth instruction by some propositions which we shall notice.

He claims that the plea of contributory negligence is too general, and that the particular facts constituting such negligence should have been alleged.

No objection appears to have been made to the answer on that, or any other ground, in the trial court. We think it too late to raise that objection now. *Gilson v. Railroad* (1882), 76 Mo. 286; *Whitman v. Foley* (1891), 125 N. Y. 651.

If the charge of negligence was too vague or uncertain to advise plaintiff of the facts he had to meet, he should have taken steps, pointed out by the code of procedure, to require it to be made more definite and certain. R. S. 1889, sec. 2057. But having failed to do so, the general allegation of contributory negligence should be held sufficient, as against an objection to it first interposed in this court.

We do not deem it needful to examine that part of the answer to determine whether or not it is so framed as to withstand a motion against it for uncertainty. Assuming (without deciding) that it is too general, it must now be taken as good enough to raise the issue of plaintiff's negligence for the purposes of the trial in the circumstances described.

Haynes v. Trenton.

3. It is next urged that the same instruction (the sixth), now questioned, was given at the first trial, and was not challenged on the former appeal, reported, 108 Mo. 123. From these facts, it is argued, inferentially, that defendant can not be heard to object to the instruction as given at the second trial.

It must be borne in mind that the judgment in this cause, reviewed in the 108th report, was reversed on other grounds. The point of criticism now made to the sixth instruction was not discussed, still less adjudicated, in the opinion then rendered.

We can see no possible basis for holding defendant estopped to object to the instruction on this appeal, even conceding that the city did not object to it on the former one. The city may then have waived its right to a reversal on that point by not raising it; but it did not thereby consent to the same error at a later trial, or estop itself to then object to such error.

4. Nor can the error be considered harmless.

The plaintiff recovered a very heavy verdict, considering the nature and extent of his injuries. The question of his exercise of care was a vital one in the case. The instruction quoted, bearing on that topic, was clearly erroneous under the former rulings of this court. Hence it must be regarded as prejudicial, unless affirmatively shown to have been harmless.

That showing has not been made.

It follows that the judgment should be reversed and the cause remanded. It is so ordered. BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.

SEPARATE OPINION.

MACFARLANE, J.—It appears from the record that, during the trial, plaintiff was permitted to exhibit to the jury his injured leg. This was done while plaintiff

was under examination as a witness in his own behalf. The evidence tended to prove that plaintiff had previously sustained an injury to the same leg at or near the same place. In a former trial, experts had been permitted to examine the leg and testify as to its condition and the probable permanency of the injuries.

After plaintiff had shown his leg to the jury on this trial, and evidence had been offered tending to prove that the injuries were greater than they appeared on the former trial to have been, defendant, as a part of the cross-examination of plaintiff, asked that physicians, who had previously examined the leg, might be permitted to make a further examination and give their opinion as to its condition as compared with that when previously examined. This request the court refused, and in doing so we think it committed reversible error.

The leg, when shown to the jury, became evidence in the case which may have carried with it great weight, particularly in the matter of the damage sustained. This evidence thus put into the case was open to attack by the opposite party in any manner which may have tended to reduce its probative force. When, for example, a piece of machinery or material, the character or quality of which is in issue, is exhibited to the jury, it is always competent for the opposite party to have experts examine it and give the jury their opinion of the quality of the material and the sufficiency of the machinery. When admitted in evidence, and its damaging effect has been accomplished, it can not be withdrawn until the party affected by it has had opportunity to apply every test for the purpose of overcoming its force and effect.

No reason can be urged why a different rule should be applied when an injured limb is the subject of inquiry. Defendant had the undoubted right in this case, at any time after the injuries had been shown to

the jury, to have physicians examine the injured leg and testify, as experts, to its character and probable permanency.

The question was not as to the right of defendant to have an examination of the injuries made, but as to the right to test the effect and reduce the weight of evidence introduced by plaintiff. BLACK, C. J., and BRACE, J., concur.