HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. J. A. ANGLIN, JR.

No. 1482.   Decided November 27, 1905.

1.—Brief—Assignment—Proposition.

Proposition under an assignment of error held to show clearly the point relied on for reversal, though unnecessarily prolix.   (Pp. 350, 353.)

2.—Evidence—Compelling Exhibition of Person.

A plaintiff voluntarily exhibiting to the jury a deformity in his breast claimed to have resulted from the injury for which he sought recovery should have been required to permit its examination by a physician who had examined him at the time of his injury, to enable such witness to determine whether a deformity then observed by him was the same now exhibited as a result of the injury.   (Pp. 354, 355.)

3.—Same.

Having chosen to voluntarily exhibit his person in evidence as proof of injury, the plaintiff waived the right to object to further proper examination of same by witnesses.   (P. 355.)

**4.—Contributory Negligence—Burden of Proof—Charge.**

The rule that where plaintiff's own testimony exposes him to a suspicion of contributory negligence the burden of disproving such negligence is cast on him is no longer recognized; but a charge in such case that the burden of proving contributory negligence is on defendant may be misleading. (Pp. 355, 356.)

Error to the Court of Civil Appeals for the Third District, on error from Travis County.

Anglin sued the railway company to recover for injuries to the person and recovered judgment which was affirmed on writ of error prosecuted to the Appellate Court by defendant, who thereupon obtained writ of error from the Supreme Court.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher,* for plaintiff in error. —[First Assignment of Error.] The court erred in overruling defendant's motion to require J. A. Anglin, Jr., to exhibit, and have examined, that portion of his chest which was alleged to have been injured, and which he had previously exhibited to the jury, as more fully and at large appears from defendant's bill of exception No. 2. (Rec. No. 2; Tr., 132.)

[First Proposition.] The court erred in overruling defendant's motion to require J. A. Anglin, Jr., to again exhibit that portion of his chest alleged to have been injured, and which he had theretofore exhibited to the jury, to Dr. Bennett, who had examined the said Anglin on the day of his alleged injury, because the plaintiff, having voluntarily exhibited to the jury, and put in evidence the portion of his chest referred to, had made the same a part of the record, which both parties had the right to have examined by experts. Dr. Bennett, having examined the plaintiff on the day of the alleged injury, and having testified that there was a malformation of plaintiff's chest already existing at that time, and not caused by plaintiff's alleged injury, it was defendant's right to have plaintiff exhibit to the doctor that portion of his chest in which existed the alleged conditions claimed by plaintiff to have been brought about by the accident. To have some other doctor examine the plaintiff would have been of no benefit to the defendant, because it appeared that Dr. Bennett was the only physician, other than that physician who testified in behalf of plaintiff, who was familiar with the condition of plaintiff's chest at the time of the alleged injury. Dr. Bennett, by being permitted to examine plaintiff's chest, could have stated finally and definitely whether or not the condition existing at the time of the trial, and claimed by plaintiff to have been the result of the accident, was the same condition which he had found already existing as a permanent malformation of plaintiff's chest at the time of the happening of the alleged accident. As appears from defendant's bill of exception, the witnesses were under the rule, and Dr. Bennett therefore did not have opportunity to see or examine plaintiff's chest at the time when he voluntarily exhibited it to the jury. It was, therefore, not only proper, but very necessary, that that portion of plaintiff's chest, which had been exhibited to the jury in the absence of Dr. Bennett, should be again exhibited at the time that the doctor was testifying,

in order that he might have opportunity to examine and to testify concerning it. It appeared from Dr. Bennett's testimony that only a few hours after J. A. Anglin's alleged accident, he had examined him and found that his chest was already deformed, said deformity being of long standing, and the condition being what was termed "pigeon breasted." It was, therefore, highly probable that, if an examination had been permitted by Dr. Bennett, or if he had been merely permitted to look at plaintiff's chest, he would have found that the condition existing at the time of the trial was exactly the same as that which existed at the time of his previous examination.

[Second Proposition.] The case at bar is entirely different from the case of A. & N. W. R. R. Co. v. Cluck, in which it was held that the court could not compel an unwilling plaintiff to voluntarily expose any portion of his person for examination. In that case, it was merely held that, if plaintiff was unwilling, the court was without authority to compel him to expose himself. But, in the case at bar, it appeared that plaintiff, of his own volition, without compulsion by anyone, had voluntarily removed his clothing, and had, in open court, exhibited to the jury a portion of his anatomy. Having done this, he had made that part of his person a portion of the record, to be examined or referred to by either party, and, having waived his right to have his sacred person secure and untouched, he could not thereafter be heard to say that his right to privacy would be violated by compelling him to do the very thing which he had already voluntarily done. It is well settled that, while the courts may be without power to require a party to a suit to produce, for the inspection of the opposite party, private papers and incriminating documents which belong to him, yet, if he voluntarily offer such papers in evidence, they pass beyond his control, become a part of the record, and may be examined by the opposing party.

The court erred in the second paragraph of its charge on the law of the case, because the same, in advising the jury that "the burden of proof is on defendant, to prove, by a preponderance of the evidence, that the plaintiff, J. A. Anglin, Jr., was guilty of contributory negligence," excludes from the consideration of the jury, in passing upon the question whether or not said J. A. Anglin, Jr., was guilty of contributory negligence, all evidence adduced by plaintiff tending to show that said J. A. Anglin, Jr., was guilty of contributory negligence, and because the same required that the existence of contributory negligence must be proved by defendant; that is, that the jury can only consider evidence offered by defendant tending to prove the existence of such contributory negligence, and that the burden was on the defendant to offer evidence sufficient on said issue. Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629; Texas & P. Ry. Co. v. Geiger, 79 Texas, 21; International & G. N. Ry. Co. v. Lewis, 63 S. W. Rep., 1092; St. Louis S. W. Ry. Co. v. Martin, 63 S. W. Rep., 1089; Gulf, C. & S. F. Ry. Co. v. Sheider, 88 Texas, 152; Texas & P. Ry. Co. v. Reed, 88 Texas, 439; Gulf, C. & S. F. Ry. Co. v. Murray, 73 Texas, 2; Texas & N. O. Ry. Co. v. Crowder, 63 Texas, 503; Dallas & W. Ry. Co. v. Spicker, 61 Texas, 427.

*Allen & Hart,* for defendant in error.—The defendant in error objects

to the consideration of the questions attempted to be raised by the plaintiff in error in its First Assignment of Error, because such assignment was never properly briefed or presented, in that no proposition of law was ever stated in the brief of plaintiff in error, as required by Rule 30 of Court of Civil Appeals Rules. The alleged "Proposition" of plaintiff in error, in its brief under the First Assignment of Error consists of practically two pages of printed matter in the brief, which are made up of statements of fact, argument and alleged rules of law, and it wholly fails to comply with the above mentioned rule and with the doctrine announced in Kidwell v. Carson, 22 S. W. Rep., 534; Street v. Robertson, 66 S. W. Rep., 1120; Hearn v. Bitterman, 27 S. W. Rep., 159; Wear-Boogher Co. v. Brannin, 30 S. W. Rep., 572.

It being optional with a party as to whether he shall expose or have examined his person, he has the right to terminate such exposure or examination at will. International & G. N. Ry. Co. v. Gready, 11 Texas Court Rep., 252; Austin & N. W. Railway v. Cluck, 8 Texas Court Rep., 681.

Plaintiff in error is requested, as shown by the bill of exceptions, to exhibit himself to the said Dr. Bennett, so that the said Dr. Bennett can state, "in testifying, whether or not said deformity was the same which he had theretofore found existing in said J. A. Anglin, Jr." This is not the question that was raised and decided in the Langston case, 19th Court of Civil Appeals, p. 568, and 92 Texas, p. 709, the question in that case being one in which the plaintiff had voluntarily exhibited her person to the jury and to her physician for examination, and a motion was made by the defendant to have a committee of physicians, naming them, two of whom were in the employ of the defendant, to examine the plaintiff as experts, and as experts, to give their opinion as to whether or not in the future the plaintiff would be able to use artificial limbs, thereby clearly presenting not a question of fact, but a question of expert testimony that could only be ascertained by the exhibition on the part of the plaintiff of the wounded members in their then condition. The questions in the present case were limited in purpose to a fact, which fact he (Bennett) was not entitled to know any more as to what had been testified than was any other witness, who was "under the rule." All witnesses had been placed under the rule for the express purpose of keeping the one from knowing what the other had testified to, and Dr. Bennett being one of those, it was the right of the defendant in error to have Dr. Bennett testify to what he saw at the time of his examination of him, and not to strengthen his testimony by an exhibition of his person at the date of the trial for the purpose of explaining some misstatement formerly made. The question involved in this case was, we think, decided by this court in an opinion delivered by Mr. Justice Brown in the case of Austin & Northwestern R. R. Co. et al. v. Cluck, 8 Texas Court Rep., p. 681; Missouri P. Ry. Co. v. Johnson, 72 Texas, 101.

The burden of proving contributory negligence is always upon the defendant who pleads it, except in cases where the legal effect of the facts stated in the petition is such as to establish prima facie negligence on the part of plaintiff as a matter of law, or where the undis-

puted evidence adduced on the trial establishes prima facie as a matter of law, contributory negligence on the part of plaintiff. Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; Gulf, C. & S. F. Ry. Co. v. Pendry, 87 Texas, 556; Gulf, C. & S. F. Ry. Co. v. Bell, 93 Texas, 632; Central T. & N. W. Ry. Co. v. Gibson, 9 Texas Court Rep., 604.

GAINES, Chief Justice.—J. A. Anglin, Jr., a minor, was riding in a laundry wagon, which was being driven by a companion. At a crossing of the track of the Houston & Texas Central Railroad Company the wagon was struck by an engine of the company and young Anglin was thrown out and injured. His father, J. A. Anglin, brought suit against the company to recover damages to himself; and the son, through his father as his next friend, also sued the company to recover damages for his own personal injuries. The cases were tried together, presumably by agreement of counsel, and resulted in a verdict and judgment for each of them.

The Court of Civil Appeal reversed the judgment in favor of the father and remanded that cause; but affirmed the recovery for the son. This writ of error was sued out to reverse the judgment in favor of the son.

It is first complained, that the court erred in refusing to compel the plaintiff, J. A. Anglin, Jr., who had given testimony in his own behalf and during the course of his examination had voluntarily exhibited his breast to the jury, to again exhibit it to Dr. Bennett, a witness for the defendant. Dr. Bennett had testified, that he examined the plaintiff a short while after the accident and that his breast was then deformed; and it was proposed to show by the witness after examining the alleged injured part of the plaintiff that the same condition which existed at the time of the trial existed immediately after the accident.

The counsel for the defendant in error objects to the consideration of the assignment for the reason, that in the brief in the Court of Civil Appeals it is not followed by a sufficient proposition as required by the rules. We think, however, that the proposition though unnecessarily prolix, manifests clearly the point relied upon to show error in the ruling.

In the case of the Chicago & Rock Island & Texas Railway Company v. Langston (92 Texas, 709), the plaintiff who had lost her feet in a railroad accident and brought suit to recover for her injuries, in course of her examination as a witness exhibited her amputated members to the jury and they were examined by medical experts of her own selection, who testified in relation thereto. Counsel for the defendant moved the court to require her to exhibit them again for examination by medical experts of their selection; but the motion was overruled. Upon appeal to the Court of Civil Appeals the majority of the court held, that this was error. The other justice dissented. The question and another upon which there was also a dissent were certified to this court. In the original opinion we answered the other question but declined to answer that in reference to compelling the plaintiff to exhibit her limbs a second time. A motion having been made asking us to reconsider and answer the latter question, we sustained the opinion of the majority of the

Court of Civil Appeals on that point. We gave no reason for our conclusion, but gave the matter very careful consideration. The views which prevailed with us are well stated in the following remarks of Mr. Justice Stephens, who spoke for the majority of the Court of Civil Appeals: "But inasmuch as appellee invited an inspection and examination of her wounded limbs by making profert of them on the trial, we have finally concluded that the case presents a different question from that so often considered, and that its solution should not be influenced by our cherished Anglo-Saxon principle of personal security. In our opinion, it would be a perversion of that principle to apply it in a case like this, where the plaintiff, unfortunate and pitiable though she be, voluntarily lays bare before the court and jury her afflicted members for the inspection and examination of the judge, jury, and advocate. For all the purposes of the trial, she thus waived her right to object, upon the ground of an invasion of her right of personal security, to a reasonable and proper examination, under the direction of the court of the wounded parts. She thus by her own voluntary act conferred upon the court jurisdiction to compel what otherwise she might have refused to submit to. Having conferred the jurisdiction, she could not take it away at pleasure without trifling with the court. It lasted as long as the trial lasted." The rule acted upon in that case that where a party has once exhibited his person to the jury to show the extent of his injuries, he may be required during the course of the trial to reexhibit them has never been modified by this court. In Houston & Texas Central Railroad Company v. Cluck (8 Ct. Rep., 681), we held that where a party had not voluntarily exhibited his person to the jury, a court had no power to compel him to do so. But it is obvious that that case presented a very different question from that involved in Railway Company v. Langston, supra, and that the decisions in the two cases are in no wise inconsistent.

We are unable to distinguish between the point in this case and that in the Langston case. If the plaintiff had been compelled to exhibit again his breast, in the presence of Dr. Bennett, and the witness after examining had been enabled to say that he saw no difference between its condition at such time and what it was at the time of the accident, the testimony would have been material. We conclude that the court erred in its ruling in this particular and that for this error the judgment must be reversed.

Error is also assigned upon the following charge of the court: "In order to defend against liability on account of alleged contributory negligence on the part of the plaintiff, J. A. Anglin, Jr., the burden of proof is on defendant to prove, by a preponderance of the evidence, that the plaintiff, J. A. Anglin, Jr., was guilty of contributory negligence under the law by the court, and herein defined." In passing upon a similar charge in the case of the Gulf, Colorado & Santa Fe Railway Company v. Hill, 95 Texas, 638, this court in answer to a certified question said: "If the plaintiffs' evidence made it necessary that they should explain the conduct of the deceased to exculpate him from the charge of contributory negligence, it was improper for the court to charge the jury that the burden of proof was upon the defendant to

establish the defense of contributory negligence, because such charge was calculated to lead the jury to believe that they should consider alone the evidence offered by the defendant upon that issue. Citing Texas & Pacific Railway v. Reed, 88 Texas, 447." But the case of Gulf, Colorado & Santa Fe Railway Company v. Howard (96 Texas, 582), is authority for the proposition that such a charge, though erroneous, is not prejudicial provided it be corrected by other parts of the same charge. Since this judgment is to be reversed, and since it is easy to avoid the error upon another trial, we deem it an unnecessary labor to inquire, whether the charge in question falls within that rule.

It is also insisted, that the evidence of the plaintiff and of his own witnesses exposed him to a suspicion of contributory negligence and that therefore the burden was upon him to show that he was not guilty of such negligence. That rule was at one time recognized by this court as the law of this state; but it is now definitely settled that in every case in which the plaintiff seeks to recover of defendant on the ground of negligence of the defendant and the defendant relies upon the defense of contributory negligence, in order to maintain that defense, it must appear by a preponderance of the evidence that the plaintiff was guilty of such negligence.

For the error first pointed out, the judgment is reversed and the cause remanded.                                 *Reversed and remanded.*