[No. 2162, Aug. 6, 1919.]
# HOLTON v. JANES.

### SYLLABUS BY THE COURT.

1. In a personal injury case, where plaintiff had voluntarily exhibited an injury to his head to the jury for inspection, and the defendant moved the court to compel plaintiff to submit to a physical examination of his head by physicians named by defendant, held, it was error to deny defendant's request.                                        P. 377

2. It is a matter of common knowledge, of which courts will take notice, that the question of the impairment of vision is capable of exact demonstration by expert examination.
                                                        P. 379

Appeal from District Court, Curry County; McClure, Judge.

Action by R. T. Holton against John N. Janes. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with instructions to award defendant a new trial.

PATTON & BRATTON, of Clovis, for appellant.

Court erred in refusing defendant's request to have plaintiff examined by competent physicians to ascertain the nature, character and extent of his injuries.

A., T. & S. F. Ry Co. v. Thul, 29 Kan. 466; Schroeder v. C., R. I. & P. Ry. Co., 47 Iowa 375; City of Ottowa v. Gilliland, 65 Pac. 252; Sibley v. Smith, 46 Ark. 275; South Bend, etc., Co. v. Turner, 54 L. R. A. 396; L. & N. R. Co. v. Simpson, 64 S. W. 733; Pronskevith v. C. & A. Ry. Co., 83 N. E. 545; Western Glass Mfg. Co. v. Schoeninger, 94 Pac. 342; Denver City Tramway Co. v. Roberts, 96 Pac. 186; Ill. Cent. Ry. Co. v. Beeler, 135 S. W. 305; Whote v. Milwaukee City Ry. Co., 21 N. W. 524; Johnston v. S. P. Ry. Co., 89 Pac. 348; Rief v. G. N. Ry. Co., 148 N. W. 309; Gal., H. & T. A. Ry. Co. v. Chajnacky, 163 S. W. 1011; Ry. Co. v. Anglin, 2 L. R. A. (N. S.) 386; C. & N. W. Ry. Co. v. Kendall, 167 Fed. 62; Swenson v. City of Aurora, 196 Ill. App. 83; Booth v. Andrus, 137 N. W. 834; N. P. Ry. Co. v. Bottsford, 35 U. S. 734, by divided court; 3 Jones on Evid., Par. 396; 6 Thomp. on Neg., Par. 7276, and cases above cited; 14 Cyc. 364, and cases there cited; Cent. Dig. "Damages," key No. 206.

ROWELLS & REESE and A. W. HOCKENHULL, all of Clovis, for appellee.

There can be no error in the action of the court by denying appellants motion for a physical examination; for even in jurisdictions where such practice is permitted it is held to be within the discretion of the court whether such motion shall be allowed.

14 Cyc. 365, 364; Union Pac. Ry. Co. v. Botsford, 141 U. S. 250; Ill. Cent. Ry. Co. v. Griffin, 80 Fed. 278; Gulf & Ry. Co v.. Norfleet, 14 S. W. 703; Richmond, etc., Ry. Co. v. Childress, 3 L. R. A. 808; Smith v. City of Spokane, 47 Pac. 888; Western Glass Mfg. Co. v. Schoeninger, 94 Pac. 342; Orlando v. Ry. Co., 95 N. Y. Supp. 898; Tract Co. v. Walsh, 108 N. E. 19.

### REPLY BRIEF OF APPELLANT.

In the following cases the requests were made for physical examination during the trial: A., T. & S. F. Ry. Co. v. Thul, 29 Kan. 466; Ottowa v. Gilliland, 65 Pac. (Kan.) 252; Sibley v. Smith, 46 Ark. 275; L. & N. Ry. Co. v. Simpson, 64 S. W. (Ky.) 733; White v. M. City Ry. Co., 21 N. W. (Wis.) 524; Johnson v. S. P. Ry. Co., 89 Pac. (Cal.) 348; Galveston H. & T. C. Ry. Co. v. Chajanacky, 163 S. W. (Tex. Civ. App.) 1011; Ry. Co. v. Anglin, 2 L. R. A. N. S. 386; Booth v. Andrus, 137 N. W. (Neb.) 884.

### OPINION OF THE COURT.

MECHEM (M. C.), District Judge. This is an action to recover damages for personal injuries. The only error assigned, which will be considered, is that which challenges the correctness of the refusal of the trial judge to require the appellee to submit to a physical examination.

The appellee claimed to have received numerous injuries to different parts of his body, and among others to his head. As to the wounds in his head he alleged in his complaint:

"That the wounds, bruises, and fractures inflicted upon plaintiff's head have greatly damaged, injured, and weakened the eyesight of plaintiff, thereby making it difficult for plaintiff to see and discern objects at any considerable distance; that all of said injuries, bruises and wounds have caused and are still causing the plaintiff intense pain, and bodily and mental suffering, and permanently injuring plaintiff."

On direct examination the appellee testified:

"Q. How did this bruise on your eye or head affect you? A. This side of my head (pointing to left side of head) and eye. I can't see out of my eye half as good after it was hurt."

After asking him about his teeth, he was further questioned about his head as follows:

"Q. You say the accident knocked a hole in your head? A. Yes, sir.

"Q. What part of your head? A. Right here (indicating left side of head).

"Q. Is there any indication there? A. Yes, sir.

"Q. What part of your head, let the jury see it? (Plaintiff exhibits head to jury.)"

On cross-examination appellee testified:

"Q. You say your eyesight has been affected from the wound in your head—weak or affected? A. My left eye has been affected."

After appellee had rested his case, appellant moved the court to compel the appellee to submit to a physical examination. The request was limited to an examination of the parts of his body he had exhibited to the jury for examination. Appellant also suggested the names of three licensed physicians who he said were immediately accessible and would make the examination without delaying the trial. This action the court overruled, and defendant excepted. No reason was given by the court in support of the ruling.

[1] An examination of the cases will show that the courts have uniformly held that, where a plaintiff in a personal injury suit voluntarily exhibits the injured part of his body to the jury for inspection, the portion of his body so exhibited becomes an exhibit in the case, like any other object or thing introduced in evidence, and the opposite party has the right to make such inspection of it as will enable him to explain, criticize, or impeach its value as evidence, and to that end have it examined by experts. Winner v. Lathrop, 67 Hun, 511, 22 N. Y. Supp. 516; Haynes v. Town of Trenton, 123 Mo. 326, 27

S. W. 622; Chicago, Rock Island & Pac. Ry. Co. v. Langston, 19 Tex. Civ. App. 568, 47 S. W. 1027, 48 S. W. 611; Houston & Texas Central R. R. Co. v. Anglin, 99 Tex. 349, 89 S. W. 966, 2 L. R. A. (N. S.) 386; Chicago & N. W. Ry. Co. v. Kendall, 167 Fed. 62, 93 C. C. A. 422, 16 Ann. Cas. 560; Booth v. Andrus, 91 Neb. 810, 137 N. W. 884.

In Chicago & N. W. Ry. Co. v. Kendall, supra (Circuit Court of Appeals, Eighth Circuit), the court said:

"In the present case we are not dealing with an application for a surgical examination in advance of the trial. Here the plaintiff at the trial voluntarily exhibited his knee in open court for inspection. Having done this, it was beyond his power to arrest the investigation. The defendant and the court were entitled to employ any agency in its examination which would aid in the determination of the issue on trial. It is universally held that, where an inanimate object is produced upon the trial of a case, it is subject to any legitimate examination and test which will elucidate the matter in dispute. It may be submitted, for example, to chemical treatment, or to examination by the microscope. Simply looking at the plaintiff's knee with the eye of a layman furnished little aid in determining its condition. He himself maintained that there were no external evidences of injury. Whether there were hidden elements could only be discerned by the skill of a surgeon, and the defendant and the court were as much entitled to turn the eye of a surgeon upon the plaintiff's knee as they would have been to look at a blood stain through a glass. Having exhibited his knee to the jury, it became a part of the evidence in the case, and the mere accident that the thing exhibited was part of a human body could only qualify, and not defeat, the right of complete investigation. Chicago, Rock Island & Pac. Ry. Co. v. Langston, 19 Tex. Civ. App. 568, 47 S. W. 1027, 48 S. W. 611; Haynes v. Trenton, 123 Mo. 326, 27 S. W. 622."

In each of the cases above cited, whether, as in this case, the trial judge assigned no reason for his refusal, or placed it on a lack of power, the refusal to compel the plaintiff to submit to a physicial examination under circumstances analogous to those in this case has been held reversible error.

In the cases of Chicago, Rock Island & Pac. Ry. Co. v. Langston, supra, Houston & Texas Central R. Co. v. Anglin, supra, Chicago & N. W. Co. v. Kendall, supra,

and Booth v. Andrus, supra, the defendants requested that the examination be made by experts of their own selection, and no criticism is made of the procedure in those cases in this regard. In the case of Booth v. Andrus, supra, the point was specifically passed on, and the right of defendant to experts of his own selection affirmed. There seems to be no valid reason why, if a defendant may employ experts in other cases and have the benefit of their special knowledge in presenting his case, he may not do the same thing in personal injury cases. In that respect the accepted procedure differs from that in those cases where a physical examination is requested before the trial.

[2] It is a matter of common knowledge, of which courts will take notice, that the question of the impairment of vision is capable of exact demonstration by expert examination, and in this case when the plaintiff put his head in evidence and permitted the jury to examine it, unless the eye which he complained of as being injured was put out, the jury could in no manner determine the extent of the injury to it, if any, but with the aid of experts the matter was capable of exact determination.

For the reasons stated, the cause is reversed and remanded, with instructions to award appellant a new trial; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.