## JEWEL TEA CO. v. RANSDELL.

No. 27254. June 8, 1937.

Eldon J. Dick, for plaintiff in error.

G. E. Conway, for defendant in error.

PER CURIAM. This action was instituted in the court of common pleas of Tulsa county by Lida Christine Ransdell, a minor, hereinafter referred to as plaintiff, by her next friend, against the Jewel Tea Company, a corporation, hereinafter referred to as defendant, and V. L. Reeder. The plaintiff sought to recover damages for personal injuries to her mouth, teeth and face alleged to have been sustained as the result of a collision between an automobile in which she was riding and a truck owned by the defendant and driven by V. L. Reeder. Service of process was not had upon V. L. Reeder and he was dismissed from the case. The Jewel Tea Company filed an answer wherein it admitted that as a result of its actionable negligence the plaintiff had sustained certain personal injuries, but averred that said injuries were neither as serious nor as severe as claimed by the plaintiff, and that in truth and in fact her damages did not exceed the sum of $100, for which amount the defendant offered to confess judgment. The offer was declined and the case proceeded to trial before a jury. The jury returned a verdict in favor of plaintiff and assessed her recovery at the sum of $500.

The defendant appeals, and as grounds for reversal urges: First, error in the refusal of the court to require the plaintiff to submit to an examination by a dentist selected by the defendant after she had exhibited her injuries to the jury; second, error in the refusal of certain oral requests for instructions and in certain instructions which were given by the court; and third, that the verdict is so excessive that it is apparent that it was given as a result of passion or prejudice.

The injuries of the plaintiff were to her mouth, teeth, and face. On direct examination she was directed by her attorney to exhibit these injuries to the jury, which she did. After the plaintiff had exhibited her teeth, mouth, and face to the jury, and they had been directed to inspect them and had done so, the defendant requested the court to require the plaintiff to submit to an examination by a dentist to be selected by it. The court stated that it was of the opinion that it was without authority to entertain this request. The defendant then requested the plaintiff to submit to such examination and her attorney categorically denied the request.

This court has not heretofore had occasion to pass upon the precise question which is here involved. In the case of City of Kingfisher v. Altizer, 13 Okla. 121, 74 P. 107, the territorial court announced that the courts were without authority to require a plaintiff in an action for an injury to his person to submit to a surgical examination either before or during the trial of the case, and the rule so pronounced was subsequently adhered to and reannounced by this court in the case of Atchison, T. & S. F. Ry. Co. v. Melson, 40 Okla. 1, 134 P. 388, Ann. Cas. 1915D, 760, wherein the authorities are fully reviewed and discussed. In such a case it is always proper, however, to ask the plaintiff whether he would be willing to submit to a physical examination conducted by an impartial physician appointed by the court. See Chicago, R. I. & P. Ry. Co. v. Hill, 36 Okla. 540, 129 P. 13; City of Kingfisher v. Altizer, supra, and Atchison, T. & S. F. Ry. Co. v. Melson, supra. In the case of Oklahoma R. Co. v. Thomas, 63 Okla. 219, 164 P. 120, the court had this to say:

"Where plaintiff in an action for damages for personal injuries exhibits a portion of his body to the jury, and physicians called by him testify as to the nature and extent of his injuries, and plaintiff offers to submit to an examination by any physician or board of physicians named by the court other than those in the employ of defendant, who are shown to have been employed by the defend-

ant and who are to receive $25 per day for testifying in the case, it is not error for the court to refuse to require plaintiff to submit to an examination by the physicians employed by defendant."

In the present case the defendant admitted liability for the plaintiff's injuries, whatever they were, and the sole questions for the jury to determine were the nature and extent of such injuries and the 'amount of damages to be properly awarded therefor. Under these circumstances the exhibition by the plaintiff of the injured portions of her face and mouth could have had but one purpose, namely, to enhance the amount of damages to be awarded by the jury. While the courts are in disagreement as to the authority to require a plaintiff to submit to an examination in the first instance, they are in practical unanimity with respect to the rule to be followed when the plaintiff has offered a portion of his body in evidence, and hold that the same then becomes an exhibit in the case, and that within reasonable limitations the opposite party has the right to make such inspection of it as will enable him to explain, criticize or impeach its value as evidence and to that end have it examined by experts. See Winner v. Lathrop, 67 Hun, 511, 22 N. Y. Supp. 516; Haynes v. Town of Trenton, 123 Mo. 326, 27 S. W. 622; Chicago, R. I. & P. Ry. Co. v. Langston, 19 Tex. Civ. App. 568, 47 S. W. 1027, 48 S. W. 611; Houston & Texas Central Ry. Co. v. Anglin, 99 Tex. 349, 89 S. W. 966, 2 L. R. A. (N. S.) 386; Chicago & N. W. R. Co. v. Kendall, 167 Fed. 62, 93 C. C. A. 422, 16 Ann. Cas. 560; Booth v. Andrus, 91 Neb. 810, 137 N. W. 884, and Holton v. Janes, 25 N. M. 374, 183 P. 395. As said in Holton v. Janes, supra, after discussing the above cited cases:

"In each of the cases above cited, whether, as in this case, the trial judge assigned no reason for his refusal, or placed it on a lack of power, the refusal to compel the plaintiff to submit to a physical examination under circumstances analogous to those in this case has been held reversible error.

"In the cases of Chicago, Rock Island & Pac. Ry. Co. v. Langston, supra, Houston & Texas Central R. Co., v. Anglin, supra, Chicago, & N. W. Co. v. Kendall, supra, and Booth v. Andrus, supra, the defendants requested that the examination be made by experts of their own selection, and no criticism is made of the procedure in those cases in this regard. In the case of Booth v. Andrus, supra, the point was specifically passed on, and the right of defendant to experts of his own selection affirmed. There seems to be no valid reason why, if a de-

fendant may employ experts in other cases and have the benefit of their special knowledge in presenting his case, he may not do the same thing in personal injury cases. In that respect the accepted procedure differs from that in those cases where a physical examination is requested before the trial."

In the case at bar the application of the defendant to have a dentist examine the plaintiff was seasonable and 'a proper one, and we can perceive no reason why it should have been denied by the trial court except that the court appears to have been under the impression that it had no power to make the order. From what has been said it is apparent that in this the trial court was in error. The plaintiff urges, however, that since she was a minor, neither she nor her counsel could waive the exemption which she would have been entitled to claim had she not offered portions of her body in evidence, and in support of this contention we are cited to sections 304 and 317 of 31 C. J. at pages 1143 and 1149, and the case of Cudjo v. Harris, 119 Okla. 69, 248 P. 343. The plaintiff misconceives the nature of the right which exists in the first instance, that is, the right of the plaintiff to keep his body out of evidence if he so desires. This right is not peculiar to a minor, but is equally applicable to adults, and as far as we have been able to ascertain a minor stands in no different position to that of an adult when he places his body in evidence. The case of Houston & Texas Central Ry. Co. v. Anglin, supra, wherein a minor plaintiff was involved, holds the plaintiff to the same rules as are applicable in the cases involving adults. The authorities cited by the plaintiff manifestly have no application to a situation such as is here presented, and plaintiff has not cited us with any authority which supports her contention, and we have been unable to find any such.

The contentions of the defendant with respect to the failure of the court to give certain instructions orally requested and error in the instructions given by the court are wholly without merit and cannot be entertained, since the defendant failed to take any exceptions to the instructions given and refused as required by section 360, O. S. 1931. The requirements of this section are mandatory, and compliance therewith must be had in order to obtain a review of instructions given or refused. See Shobe v. Sykes, 169 Okla. 491, 37 P. (2d) 908; Scott v. Scott, 129 Okla. 176, 264 P. 159.

The claim that the award is excessive in view of what has been said need not be discussed. The error heretofore pointed out

being of such nature as to deprive the defendant of a fair and impartial trial, the cause will have to be reversed for the purpose of granting a new trial.

Reversed and remanded, with directions to grant a new trial.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.