LAW v. CORSIN et al.

No. 35464.    May 20, 1952.

*244 P. 2d 831.*

David C. Shapard, Oklahoma City, for plaintiff.

A. P. Van Meter, pro se.

HALLEY, V. C. J.  Sammie M. Law filed an action in the district court of Oklahoma county in case No. 126,356 on December 14, 1951, against Leo H. Corsin, d/b/a the Corsin Grocery & Market, to recover damages for personal injuries which she alleged she sustained by virtue of a fall in defendant's place of business. The case was assigned to Hon. A. P. Van Meter, one of the district judges of Oklahoma county, and after the pleadings were settled and the case stood for trial, the case was set down for pretrial conference, at which time the attorneys for defendant asked that the plaintiff sub-

mit to a physical examination by one of five doctors on a list submitted by defendant. The plaintiff refused to submit voluntarily to such an examination, and on February 29, 1952, Judge Van Meter entered an order requiring plaintiff to submit to a physical examination by one of the five doctors on the list so submitted by the defendant to the court. The plaintiff alleges, in her petition for writ of prohibition, that the defendant Judge Van Meter is assuming to exercise judicial authority and apply judicial force in excess of that granted him by law, in that the plaintiff cannot be required to submit to a physical examination prior to taking the witness stand in the actual trial of the case.

It has been the rule in this jurisdiction since the case of City of Kingfisher v. Altizer, 13 Okla. 121, 74 P. 107, was decided in 1903, that trial courts may not order a plaintiff in a personal injury action to submit to a physical examination in advance of or during the trial of the cause. This followed the decision of the United States Supreme Court, in Union Pacific Ry. Co. v. Botsford, 141 U. S. 250, 11 S. Ct. 1000, 35 L. Ed. 734. This rule was followed also in Atchison, Topeka & S. F. Ry. Co. v. Melson, 40 Okla. 1, 134 P. 388, decided July 29, 1913. In that case the physician was to be disinterested, and was to be one agreed upon by the parties or selected by the court; but the court there adhered to the rule that the courts of this state are without power, in an action for damages for personal injury, to compel the plaintiff to submit to an examination by a physician in advance of or during the trial of the cause.

In Jewel Tea Co. v. Ransdell, 180 Okla. 203, 69 P. 2d 69, we held that when the plaintiff has offered a portion of his body in evidence, the same then becomes an exhibit in the case, and that, within reasonable limitations, the opposite party has the right to make such inspection of it as will enable him to explain, criticize, or impeach its value as evidence. Although proper predicate has been laid by application for a physical examination of plaintiff before trial, as is required by our holding in Phillips Petroleum Co. v. Myers, 202 Okla. 151, 210 P. 2d 944, we are of the opinion that until the plaintiff takes the stand in the trial of the case and exhibits parts of her body which she claims were injured to the jury, it is improper exercise of judicial power for a trial judge to direct a physical examination, either by physicians appointed by the court or by defendant's physicians.

For the reasons stated, it is hereby ordered that the writ issue prohibiting Hon. A. P. Van Meter, district judge of Oklahoma county, from requiring plaintiff, Sammie M. Law, to submit to a physical examination by a physician prior to the exhibition of the alleged injured parts of her body to the jury.

CORN, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.