HOUSTON & T. C. R. CO. v. BUKOWSKY.
(No. 5452.)

(Court of Civil Appeals of Texas. Austin. March 3, 1915.)

1. APPEAL AND ERROR ☞1002 — REVIEW — VERDICT—SUFFICIENCY OF EVIDENCE.

Notwithstanding conflicting evidence, the verdict on sufficient evidence cannot be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ☞ 1002.]

2. APPEAL AND ERROR ☞547—BILL OF EXCEPTION—PERSONAL EXAMINATION OUT OF COURT.

The bill of exceptions does not show error, in refusal, at the trial, to permit a physician for defendant, outside the courtroom and not in the presence of the jury, to examine the foot of plaintiff, for alleged injury to which he sued, with the view of showing he was malingering; it not showing a full and complete examination could not have been made in the courtroom and the presence of the jury, or that the physician had been subpœnaed, or that his testimony could have been obtained by a reasonable postponement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427, 2429–2432; Dec. Dig. ☞547.]

Appeal from District Court, Travis County; Chas. A. Wilcox, Judge.

Action by Emil Bukowsky against the Houston & Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Garrett & Garrett, of Austin, for appellant. Dickens & Dickens and A. S. Phelps, all of Austin, for appellee.

RICE, J. This suit was brought by appellee against appellant to recover damages for personal injuries alleged to have been sustained by him on the 20th of November, 1913, while he was in the employ of appellant as a fireman on one of its switch engines, alleging that he was permanently injured by reason of the negligence of appellant in having a defective apron on its engine, whereby his foot was caught and severely mashed while he was returning from getting a drink of water, and also that appellant's servant was negligent in starting the engine without warning him that he was going to do so. Appellant denied each ground of negligence charged, likewise plead contributory negligence, and specially denied that appellee was injured as claimed by him. There was a jury trial, resulting in a verdict and judgment in behalf of appellee, from which this appeal is prosecuted.

[1] Appellant assails the verdict on the ground that there was no evidence showing negligence on its part, and likewise asserts that appellee was not injured. There was evidence going to show that, notwithstanding it was the duty of appellant's engineer to give warning before starting the engine, this was not done; and on account of this, as well as the defective condition of the apron on the engine, appellee was injured. It is true that this was a contested issue, but the jury have resolved the same in favor of appellee; and there being sufficient evidence to support the verdict in this respect, as well as that appellee was severely injured by reason of this negligence on the part of appellant, it cannot be set aside by us on this account. Appellant also assigns error on the failure of the court to charge the jury on the subject of accident. We think the evidence fails to raise this issue, however; and, while it did present the issue of contributory negligence, the court's charge covered this feature of the case, and the verdict finding in favor of appellee thereon will not be disturbed by us.

[2] The chief contention urged by appellant is that the court erred in refusing to permit Dr. Wooten and another physician to examine appellee's foot outside of the courtroom, and not in the presence of the jury, with the view of determining whether or not he was in fact injured as claimed by him, and thereafter testifying as to the result of their examination, claiming that such examination would have disclosed that appellee was malingering, and that his foot was not in fact injured. It appears from the bill that Dr. Watt, appellee's physician, testified that about the 10th of January, 1914, he examined appellee's foot and found it seriously injured. On the trial appellee exhibited his foot, and Dr. Watt, testifying before the jury, pointed out how it was injured, and stated that in his opinion it was a permanent injury. The bill also shows that appellant's physician, Dr. Joe Gilbert, shortly after the injury, had thoroughly examined appellee's foot, and testified that it disclosed no injury whatever; that about six weeks before the trial he again examined it with a like result, and also examined his foot in the presence of the jury, stating that there were no indications whatever of any injury. The court remarked to counsel that if Dr. Wooten was present he could testify as a witness. The bill fails to show that Dr. Wooten had been subpœnaed, and likewise fails to show that a full and complete examination could not have been made by him and other physicians in the courtroom and in the presence of the jury; and there was no motion to postpone the case in order to obtain his testimony, nor does it appear that his testimony could have been obtained by a reasonable postponement of the trial. Where the plaintiff voluntarily submits to a personal examination in the

presence of the jury by physicians of his own selection, who testify with reference thereto, then it would be error to refuse to permit the opposite side to examine him by its physicians for the purpose of controverting the result of the examination as testified to by his own witnesses; and for this purpose, if it is made to appear that such examination cannot be made by the opposing witnesses in the presence of the jury, it would be the duty of the court to permit them to make such examination apart from the jury. See, G. H. & S. A. Ry. Co. v. Chojnacky, 163 S. W. 1011; C., R. I. & T. Ry. Co. v. Langston, 19 Tex. Civ. App. 568, 47 S. W. 1027, 48 S. W. 610; Id., 92 Tex. 709, 50 S. W. 574, 51 S. W. 331; H. & T. C. R. R. Co. v. Anglin, 99 Tex. 349, 89 S. W. 966, 2 L. R. A. (N. S.) 386; Haynes v. Town of Trenton, 123 Mo. 126, 27 S. W. 622. The instant case, however, does not come within this rule.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.