CITY OF KINGFISHER v. SPAREL ALTIZER.

(Filed September 9, 1903.)

1. **SURGICAL EXAMINATION—Power of Courts.** The courts of this territory cannot order a plaintiff in an action for an injury to the person to submit to a surgical examination in advance of, or during the trial of the cause.

2. **SAME.** One may expose his body, if he chooses, with due regard to decency, and with the permission of the court, but he cannot be compelled to do so in a civil action without his consent.

3. **INJURIES—Refusal to Show.** Where a person unreasonably refuses to show his injuries, when requested to do so, that fact may be considered by the jury as bearing on his good faith, as in any other case of a party declining to produce the best evidence in his power and under his control.

4. **EVIDENCE—In Action for Injuries Sustained.** In an action against a city to recover damages for injuries resulting from a fall from a defective bridge, it is competent for the plaintiff to show that, while the bridge was in the same condition, accidents of a similar nature had occurred at the same place a short time prior thereto.

5. **SAME.** In an action to recover damages for injuries caused by a defective bridge, it is competent for the plaintiff to prove that there were other defects in the bridge than the defects that caused the accident. Also to prove the general defective condition of the bridge. This class of testimony is competent for the purpose of showing that the city authorities had knowledge of its defective condition, or that the defects had existed for such a length of time that, by the exercise of reasonable care, they could have been repaired.

6. **VERDICT—Special Interrogatories.** Where answers to special in-

terrogatories are not. signed by the jury as a whole, or by their foreman, they constitute no part of the verdict, and cannot be considered for any purpose.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*M. J. Kane,* for plaintiff in error.

*J..C. Robberts* and *W. C. Stevens,* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action commenced by Sparel Altizer in the district court of Kingfisher county against the City of Kingfisher, to recover damages for personal injuries sustained by himself and minor son, arising from a defective bridge which crossed Kingfisher Creek on a public highway within the corporate limits of the city.

It appears that the bridge was out of repair, and that the team driven by the plaintiff became frightened at a hole in the bridge, which caused them to back off of the bridge, thereby. precipitating the plaintiff and his son, together with a part of the wagon and load, a distance of about twenty feet into Kingfisher Creek, resulting in the injuries complained of in this action. The defendant answered by way of general denial, and further denied that the city exercised any control over said bridge within the limits of said city, and that said bridge was not located within a public highway of said city, and was not recognized or accepted as such. To this answer the plaintiff filed a reply consisting of a general denial. Upon the issues thus joined, the cause was tried to a jury, and a verdict returned in favor of the plain-

tiff, and judgment entered in. accordance therewith. The defendant appeals.

The first error assigned is that the petition does not state. facts sufficient to constitute a cause of action. There is no merit in this assignment of error. It is true that the petition contains a number of paragraphs, but it states but one cause of action. It is in all respects sufficient, and the objection to the introduction of testimony on the ground that it did not state facts sufficient to constitute a cause of action was properly overruled.

It is next claimed that the court erred in refusing to issue an order before the trial requiring the plaintiff and his son to submit to an examination by a physician other than the regularly employed physician of the plaintiff. The court refused to make such an order, and the defendant duly excepted. During the progress of the trial the defendant renewed his application to the court for an order requiring the plaintiff and his son to submit to examination by some reputable physician other than the regularly employed physician of the plaintiff, and the court again refused to grant the order, to which the defendant excepted, and assigns the same as error.

The decisions of the state courts are not uniform upon this question, but it seems that the weight of authority upholds the exercise of such power by the court under reasonable restrictions. But it seems that even the states that follow this rule recognize the doctrine that a wide discretion is lodged in the trial court, which justifies a refusal to compel an examination of the person where the necessities of the case are not such as to demand it, or where the sense of delicacy of the party may be offended by subjecting him

to such an examination. On the other hand, the supreme court of the United States, in the case of *Union Pacific Railway Co. v. Botsford,* 141 U. S. 250, and several of the state courts, have denied this power. In *Union Pacific Railway Co. v. Botsford,* Mr. Justice Gray, in delivering the opinion of the court, said:

"No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law. The inviolability of the person is as much invaded by a compulsory stripping and exposure as by a blow. To compel any one, and especially a woman, to lay bare the body, or to submit it to the touch of a stranger, without lawful authority, is an indignity, an assault and a trespass; and no order or process, commanding such an exposure or submission, was ever known to the common law in the administration of justice between individuals, except in a very small number of cases, based upon special reasons, and upon ancient practice, coming down from ruder ages, now mostly obsolete in England, and never, so far as we are aware, introduced into this country."

On page 255 of the opinion, the learned Justice uses the following language:

"Any one may expose his body, if he chooses, with due regard to decency, and with the permission of the court; but that he cannot be compelled to do so, in a civil action, without his consent. If he unreasonably refuses to show his injuries, when asked to do so, that fact may be considered by the jury, as bearing on his good faith, as in any other case of a party declining to produce the best evidence in his power."

Mr. Justice Gray then reviews the decisions of Iowa

and Indiana, and of other courts which have exercised this power, and concludes as follows:

"The consideration due to the decisions of those courts has induced us fully to examine, as we have done above, the precedents and analogies on which they rely. Upon mature advisement, we retain our original opinion that such an order has no warrant of law."

The decisions of the supreme court of the United States are not only entitled to great weight, but are binding upon this court, and hence the doctrine announced in the Botsford case is decisive of this question. It has been the uniform practice of this court to follow the decisions of the supreme court of the United States, and in the recent case of *Frantz et al. v. Saylor,* 69 Pac. 794, Mr. Justice Pancoast, speaking for the court, uses the following language:

"The supreme court of the United States is a court of last resort in civil cases in this territory, when more than $5,000 is involved; and while this case could not be appealed to that court, because of the amount involved in it not being sufficient to authorize an appeal, yet the decision of the supreme court of the United States is just as binding upon this court."

The next error assigned and argued is that the court erred in permitting the plaintiff to introduce evidence tending to prove that other accidents had occurred at the same place a short time before the accident in this case occurred, and that there were other defects in the bridge than the defects that caused the accident. This evidence was competent for the purpose of showing not only that the bridge was in a bad state of repair, but that the city authorities had knowledge of its defective condition; or that the defects had ex-

isted for such a length of time that by the exercise of reasonable care the city authorities could have repaired the same.

In *City of Topeka v. Sherwood,* 18 Pac. 933, the supreme court of Kansas held that:

"In an action against a city to recover damages for injuries received from a fall on a defective sidewalk, it is competent for the plaintiff to show that, while the walk was in the same condition, similar accidents had occurred at the same place."

In *Propsom v. Leathem,* 50 N. W. 586, the supreme court of Wisconsin held that:

"It is proper to admit evidence that there were other defects in the dock than the one which caused the accident in question."

In *Shaw v. Village of Sun Prairie,* 42 N. W. 271, it was held that:

"In an action for injuries caused by a defective sidewalk, evidence of the defective condition of the walk, some distance from the place of injury, and also of its general defective condition, is admissible to show constructive notice to the city of the defect."'

It is next claimed that the court erred in giving and in refusing certain instructions bearing upon the question of contributory negligence. We have carefully examined the evidence, and are clearly of the opinion that there is no element of contributory negligence proven in the case. On the contrary, the evidence of the plaintiff and his son shows that they were in the exercise of reasonable care; and that the injuries resulted from the gross negligence of the city authorities, who failed to exercise reasonable care and diligence in keeping the bridge in a safe condition for public travel. Hence if there was any error in the instructions given or refused on this branch of the case, it was entirely

harmless. The evidence, also, is amply sufficient, in our opinion, to prove that the bridge was within the corporate limits of the city. And it further appears to us that there is sufficient evidence to show that the city for a number of years had exercised supervision of the bridge in question, and had recognized it as a part of the public streets of the municipality. This alone would be sufficient to require the city authorities to keep the bridge in a proper condition of repair, and for failure to do so it is liable for damages resulting from its negligence. (Dillon's Municipal Corporations, vol. 2, sec. 1009 [4th ed.].)

The answers to the special interrogatories submitted by the defendant and returned by the jury were not signed, and therefore constitute no part of the verdict, and cannot be considered for any purpose. (Sec. 4174, statutes of Oklahoma, 1893; *Greenberg v. Hoff,* 22 Pac. 69; *Sage v. Brown,* 34 Ind. 464.)

Finding no error in the record prejudicial to the substantial rights of the defendant, and believing that the verdict and judgment were in consonance with right and justice, the judgment of the district court is affirmed.

Irwin, J., who presided in the court below, not sitting; Pancoast, J., dissenting; Burford, C. J. and Gillette, J., absent; all the other Justices concurring.