## CHICAGO, R. I. & P. RY. CO. v. HILL.

No. 2352. Opinion Filed November 19, 1912.

Rehearing Denied January 7, 1913.

(129 Pac. 14.)

1. NEGLIGENCE—Action—Question for Jury. Section 6 of article 23 of the Constitution (Williams' Ann. Const. Okla., sec. 355), which provides that "the defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury," constitutes the jury the tribunal to determine these defenses.

2. MASTER AND SERVANT—Injuries to Servant—Action—Question for Jury. Where the evidence tends to show negligence on the part of the employer, and also shows that the work in which the plaintiff was engaged was work which should be done by two men, and that the employer had furnished an assistant, within reach of the plaintiff, and the plaintiff undertook to do the work alone, without calling or using the assistant, this testimony tends to establish the defense of contributory negligence, and should be submitted to the jury.

3. WITNESSES—Cross-Examination—Physical Examination. In the trial of a personal injury case, upon the cross-examination of the plaintiff he should be required to answer the question whether he is willing to submit to a physical examination of the injuries by reputable physicians of the community, acting under the appointment of the court.

(Syllabus by Ames, C.)

*Error from District Court, Latimer County;*
*Malcolm E. Rosser, Judge.*

Action by J. F. Hill against the Chicago, Rock Island & Pacific Railway Company for personal injuries. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*C. O. Blake, H. B. Low, R. J. Roberts, W. H. Moore,* and *Wright & Boyd,* for plaintiff in error.

*H. H. Smith* and *M. L. McKenzie,* for defendant in error.

Opinion by AMES, C.   The plaintiff alleged that he was employed by the defendant as a scratch boss in the shops at Shawnee; that his duties included designing, shaping, and repairing timbers for railway cars; that he was injured while handling a timber about eighteen feet in length and about six inches thick and eight inches wide; that the floor of the room in which he was at work was rotten, and broke with him as he was handling the timber, causing him to fall against a carpenter's horse, the timber falling upon him and producing the injuries complained of; that the defendant was negligent in failing to furnish him a safe place in which to work, on account of the condition of the floor.   The petition also alleged that the defendant was negligent in failing to furnish him with competent and sufficient assistants to perform the work in which he was engaged, and in failing to warn him of the dangerous conditions surrounding his work.   The answer denied the injuries, denied any negligence, and pleaded assumption of risk and contributory negligence.   The court instructed the jury that there was no proof of contributory negligence and withdrew that issue from its consideration.   The defendant excepted to this instruction and now assigns it as error.   There was evidence tending to show that the work in which the plaintiff was engaged at the time of the injury was what was called a "two-man job"; that the defendant had furnished assistants, who could be secured by the plaintiff by calling for them whenever he desired, and that assistants had never been denied him when requested; that he did not call for assistants at this time, but did the work alone. There was other evidence tending to show that he could do the work alone in safety, and did not need assistants.

The defendant claims that his failure to call assistants was negligence which contributed to the injury, and that under sec-

tion 6 of article 23 of the Constitution this defense should have been submitted to the jury. Section 6 of article 23 (Williams' Ann. Const. Okla. sec. 355) is as follows:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall at all times, be left to the jury."

In *C., R. I. & P. Ry. Co. v. Baroni,* 32 Okla. 540, 545, 122 Pac. 926, 928, we said:

" * * * But this argument tends to establish negligence on the part of the plaintiff contributing to his injury, and the (defense) of contributory negligence, under our Constitution, is to be submitted to the jury. The lawmaking power of the state has the right to provide that the jury shall be the tribunal to determine this question; and it has done so."

The plaintiff in this case, however, contends that the defense of contributory negligence was properly taken from the jury, because there was no evidence to sustain it, and that the constitutional provision does not require the defense of contributory negligence to be submitted to the jury, except when there is evidence tending to support it. In response to this argument we might inquire how much evidence is necessary. Shall it be evidence reasonably tending to support the defense? If so, the Constitution has not changed the law previously in existence, and the courts would have the same right as before to give peremptory instructions to juries upon the subject. Does it mean that the defense shall be submitted to the jury if there is any evidence tending to support it, whether it reasonably does so or not? Who is to determine whether there is any evidence tending to support the defense? Shall the court say that there is no evidence upon the subject, or is it meant by the Constitution that this defense, whenever presented, shall be submitted to the jury, and that the jury shall determine whether there is any evidence upon the subject, and also whether this evidence reasonably establishes the defense? It is unnecessary, however, in this particular case, to decide this exact question, as there was some evidence tending to show negligence on the part of the plaintiff which should have been submitted to the jury for its consideration.

The plaintiff alleged that the defendant was negligent in

failing to furnish him with sufficient assistants, and that the defendant knew that the plaintiff did not have sufficient assistants. There was evidence by the plaintiff and his own witnesses showing that assistants were furnished by the defendant, who could be procured by the plaintiff whenever he needed them, upon request; that the work in which he was engaged was work described by some of the witnesses as a "two-man job," meaning that it was work in which the plaintiff should have had assistants. The testimony is uncontradicted that the plaintiff did not call for assistants, but undertook to do the work alone. It is axiomatic that if it would be negligence for the defendant not to furnish assistants that it would likewise be negligence for the plaintiff not to use the assistants when they were furnished, and argument cannot make the proposition plainer. The failure of the plaintiff, therefore, to use the assistants who were provided by the defendant, and undertaking to perform alone work which was a two-man job, might be regarded by the jury as evidence reasonably supporting the defense of contributory negligence. At all events, it was some evidence on the subject; and as this was one of the defenses, and as there was some evidence upon the subject, the defense should not have been taken from the jury. The court has just as much right to instruct the jury that the defense of contributory negligence has been made out, and that its verdict should be for the defendant, as it has to instruct the jury that the defense of contributory negligence has not been made out. To hold, therefore, that in this case the court properly instructed the jury would be to establish a precedent by which the court in future cases would be bound to instruct the jury to return a verdict for the defendant, where the evidence clearly established the defense of contributory negligence or assumption of the risk. The argument of the plaintiff does not convince us that this is the meaning of the Constitution, but on the contrary we adhere to the rule previously adopted in the Baroni case, *supra,* and in *C., R. I. & P. Ry. Co. v. Beatty,* 27 Okla. 844, 116 Pac. 171, to the effect that this provision of the Constitution means that these defenses must be submitted to the

jury just as it says, subject, of course, to proper instructions by the court as to the law governing the subject.

While the case must be reversed and remanded for the reasons stated, it is proper to notice another assignment of error which may arise upon the new trial. Upon cross-examination of the plaintiff, he was asked the following question:

"Are you willing to submit to an examination made by any reputable physician in this community, to be appointed by the court, in regard to the injury which you are claiming?"

The court declined to permit this question to be asked or answered. This ruling is based upon the decision of the Supreme Court of the territory of Oklahoma, in *City of Kingfisher v. Altizer*, 13 Okla. 121, 74 Pac. 107, holding that "the courts of this territory cannot order a plaintiff, in an action for an injury to the person, to submit to a surgical examination in advance of or during the trial of the cause." That case was correctly decided because it followed a decision of the Supreme Court of the United States on the same subject (*Union Pacific R. Co. v. Botsford,* 141 U. S. 250, 11 Sup. Ct. 1000, 35 L. Ed. 734), and at that time the decisions of the Supreme Court of the United States were controlling upon the territorial court. *Sullivan v. Mercantile Town Mut. Ins. Co.,* 20 Okla. 460, 465, 94 Pac. 676, 129 Am. St. Rep. 761; *State Mut. Ins. Co. v. Craig,* 27 Okla. 90, 111 Pac. 325; *Phoenix Ins. Co. v. Ceaphus,* 29 Okla. 608, 119 Pac. 583. In a case arising, however, since the admission of the state, the decisions of the Supreme Court of the United States, while highly persuasive, would not be binding, and this court would be free to follow a different rule if it was supported by the great weight of authority and the better reasoning. *Western National Ins. Co. v. Marsh,* 34 Okla. 414, 125 Pac. 1094; *Merchants' & Planters' Ins. Co. v. Marsh,* 34 Okla. 453, 125 Pac. 1100. And while the question as to whether that rule would be followed now is not before us, it may be observed in passing that the courts of the following states permit such a physical examination: Alabama, Arkansas, Colorado, Georgia, Indiana, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Pennsylvania, Ohio, Texas, Washington,

and Wisconsin; while in Florida, New York, and New Jersey such an examination is provided for by statute. See, also, 3 Wigmore on Evidence, sec. 2220. In the federal courts and those of Utah, Massachusetts, Montana, and South Carolina, an examination is denied. *South Bend v. Turner,* 156 Ind. 418, 60 N. E. 271, 54 L. R. A. 396, 83 Am. St. Rep. 200; *Larson v. Salt Lake City,* 34 Utah, 318, 97 Pac. 483, 23 L. R. A. (N. S.) 463, note; *May v. Northern Pacific Ry. Co.,* 32 Mont. 522, 81 Pac. 328, 70 L. R. A. 111, 4 Ann. Cas. 605; *McQuigan v. Delaware, Lackawanna & Western R. Co.,* 129 N. Y. 50, 29 N. E. 235, 14 L. R. A. 466, 26 Am. St. Rep. 507, and the cases cited in those decisions, and the notes.

The question before us is, not whether a physical examination may be ordered by the court, but whether the plaintiff, on cross-examination, may be asked the question whether he is willing to submit to a physical examination, conducted by impartial physicians appointed by the court. The purpose of a cross-examination, amongst other things, is to test the truthfulness of the witness, and, if he is the plaintiff, his good faith, the righteousness of his case. In an action for personal injuries, it is manifest that the jurors are entitled to all the information which can be produced, not only upon the cause of the injuries, but also the extent of the injuries, in order to determine whether the plaintiff should recover at all, and, if so, the amount of his recovery. Would an examination of the injuries by competent and disinterested physicians, appointed by the court and acting under his supervision, aid the jury in ascertaining these facts? Manifestly it would, and the jury would doubtless rely more upon the testimony of such a physician than they would upon one employed as an expert by one of the interested parties. Would the plaintiff be prejudiced by such an examination? Manifestly he would not, if his case was a *bona fide* one; and if it was not *bona fide* the law should not exert itself to assist him in concealing the bad faith. Such an examination, it is manifest, would be in the interest of truth and justice. If the plaintiff declined to submit to it for good reason, he, of course, could explain his reason to the jury. If he declined to submit it without reason,

that fact would doubtless have its influence as affecting his good faith; and it seems to us that such a question would tend to assist the court and jury in arriving at the truth, and would result in no harm to any party asserting a *bona fide* claim.

Indeed, the very case of *City of Kingfisher v. Altizer,* 13 Okla. 121, 74 Pac. 107, relied on by the plaintiff, recognizes the principle we announce, as does also the case of *Union Pacific R. Co. v. Botsford,* 141 U. S. 250, 11 Sup. Ct. 1000, 35 L. Ed. 734, which is followed in the Altizer case. On page 124 of 13 Okla., on page 108 of 74 Pac., the following is quoted from the Botsford case:

."Any one may expose his body, if he chooses, with due regard to decency and with the permission of the court; but that he cannot be compelled to do so, in a civil action, without his consent. If he unreasonably refuses to show his injuries, when asked to do so, that fact may be considered by the jury as bearing on his good faith, as in any other case of a party declining to produce the best evidence in his power."

It is true that this quotation deals with a refusal to expose his injuries upon request, while the particular point before us deals with a request for a nonpartisan medical examination. But there is no difference in principle between the two.

On the authority, therefore, of the very cases which deny the right to a physical examination, we hold that the unreasonable refusal of the plaintiff to submit to one may be considered by the jury as affecting his good faith.

The case should be reversed and remanded.

By the Court: It is so ordered.