**JENKINS v. DAVIS, Director Gen. of R. R.**

No. 15488—Opinion Filed July 7, 1925,

Rehearing Denied Sept. 8, 1925.

1. **Railroads—Liability for Injuries to Trespassers—Care Due Children.**

It is the general rule that a railroad company is not liable for injuries to a trespasser on its property in the absence of willfulness, wantonness, or gross negligence, and the fact that a child of tender age and incapable of exercising care is the injured party, in the absence of knowledge of its peril, does not affect the question of the care to be used by a railroad company or the degree of care imposed by the law.

2. **Negligence—Necessity for Proof—Presumption from Injuries.**

The mere fact that an injury occurs carries with it no presumption of negligence. It is an affirmative fact for the injured party to establish that the defendant has been guilty of negligence.

3. **Appeal and Error—Misconduct of Counsel—Necessity for Prejudice.**

In order for misconduct of counsel in pro-

pounding certain questions to a witness to effect a reversal of the judgment it must appear that substantial prejudice resulted therefrom and that the jury were influenced thereby to the material detriment of the party complaining.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Harry Jenkins against James C. Davis, Director General of Railroads. From judgment in favor of defendant, plaintiff brings error. Affirmed.

Neff & Neff and Thomas J. Wiley, for plaintiff in error.

O. E. Swan, B. B. Blakeney, and Hubert Ambrister, for defendant in error.

Opinion by PINKHAM, C. This action was instituted by the plaintiff in error, as plaintiff, against the defendant in error as defendant. The parties will be referred to as they appeared in the lower court. The action was brought by the plaintiff, Harry Jenkins, against the defendant James C. Davis, Director General of Railroads, to recover damages for the death of his five year old child who was drawn under the wheels of a freight train of the Midland Valley Railroad Company. The petition upon which the case was tried charged that the defendant placed a string of freight cars over the crossing of Independence avenue, a public street in the city of Muskogee, and left them standing in such manner that they offered an apparently safe and attractive means to the child in question to cross between the cars; that she attempted to pass between said cars, and while between them the engine, which had been detached from the train for the purpose of taking on water struck the string of cars as it came back, thereby causing the death of plaintiff's child. At the close of all the evidence and after the preparation of instructions, the plaintiff, over the objections of defendant, was permitted to file an amendment to his petition to the effect that the child, at the time she received the injuries from which she died, was on a public crossing over an alley south of Independence avenue; that this crossing was blocked by the train and that the child stopped to play until the crossing was opened; that she was close to and upon the train when the same was suddenly started, thereby throwing her under the wheels of the train; and that there was no watchman at said crossing. The cause was submitted to the jury under the instructions of the

court and a verdict returned finding the issues in favor of the defendant and against the plaintiff, and that plaintiff take nothing by his action. Judgment was rendered by the court in accordance with the jury's verdict. The plaintiff has duly appealed to this court by petition in error and case-made attached.

The first assignment of error discussed by counsel for plaintiff is that the court erred in admitting the so-called "train sheet" in evidence and in allowing the witness J. A. Caldwell, the company's train despatcher, to testify as to the substance thereof. It appears that no objection was made by plaintiff to the introduction of the "train sheet" by the train despatcher of the defendant company. An objection was made, however, by the plaintiff to a question propounded to the witness as to the arriving time of the train in question. Before passing upon this assignment of error we deem it necessary to briefly review the facts in connection with the unfortunate accident:

It appears that the freight train in question, consisting of 23 or 24 oil tank cars arrived at the station at Muskogee at about 10:20 a. m.; that the train was delayed after arriving at the station before going to the defendant company's yards; that about ten minutes after eleven a. m., the train was stopped on the way to the yards and the engine detached for the purpose, as stated, of taking on water. At that time the crossing on Independence avenue, and one other avenue, was blocked for a period of some five minutes, according to the testimony of the engineer and other witnesses when the train departed. The evidence on the part of plaintiff conclusively shows that the little girl was not on or near Independence avenue, and was not attempting to cross the track at any place, but that she and her ten year old sister were on the east side of the track, a considerable distance south of Independence avenue, and that both children were writing, or attempting to write, with chalk, on one of the cars; that the smaller child could not reach the car she wanted to mark on and that she jumped up and caught the handhold on the car and was thrown under the wheels; that she had one hand on the handhold when the cars moved four or five feet to the north, as the engine coupled onto the train, and she then took hold with both hands, or attempted to do so, and, as the cars moved, fell under the wheels. There is no evidence in the record that even tends to show that these two little girls were attempting to cross the track. Furthermore, there

is no dispute in the evidence as to the place where these children were writing, or attempting to write or mark on the side of the car, at the time of the unfortunate accident The evidence shows there was an alley, or pathway, about 180 feet south of Independence avenue three or four feet wide, where it crosses the track of the defendant just north of the entrance to the shop and shop yards of the defendant company, and that persons, including children, frequently crossed the track on this pathway; but the evidence is conclusive that the child in question, together with her sister, was not standing on this pathway waiting for the train to move, but was 50 feet away from it, attempting to climb upon one of the cars while the train was moving, when she was thrown under the wheels. She was, therefore, not upon any crossing, but was simply a trespasser upon the defendant's premises, and there was no duty owing to her until her presence and peril were discovered by the train crew or by some one of them. Texas, O. & E. R. Co. v. McCarroll, 80 Okla. 282, 195 Pac. 139; City of Granfield v. Hammonds, 100 Okla. 75, 227 Pac. 140.

In the first case cited the court said:

"The age, ability, and competency of a trespasser are immaterial when the master's servants discover him in a position of peril from which he cannot apparently extricate himself or take care of himself under the circumstances."

It is not contended by the plaintiff that any of the servants of the defendant company discovered the presence of the child in question on its premises or playing about its cars. Neither is it disputed that before the train moved the whistle was sounded. In this state of the record, it cannot be said that the introduction of the "train sheet." showing the time of the arrival of the train in question at Muskogee, was in any manner prejudicial to the plaintiff.

It is further contended that the trial court think it sufficient to say that the record clo of negligence of the plaintiff, as a defense to the action, and that there is no evidence in the record tending to show the plaintiff was negligent. As to this proposition, we think it sufficient to say that the record clearly discloses that the plaintiff, father of the child, went away from home and left his two children, five and ten years of age, to care for themselves during the entire day. The record also shows that the plaintiff knew that his children were in the habit of going to these tracks.

In the case of M., K. & T. Ry. Co. v. Perino,

89 Okla. 136, 214 Pac. 907, a boy seven years old was run over and killed. He was with his sister, between 13 and 14 years of age The court said, in the last paragraph of the syllabus:

"A parent who brings an action in her own right, for the death of her intestate, will not be allowed to recover if her own negligence contributed to the death, in the absence of wanton negligence or willful injury on the part of the defendant, and the question of contributory negligence on the part of the parent is for the determination of the jury."

In the case of Feldman v. Detroit United Ry., 162 Mich. 486, 127 N. W. 687, a four year old child was run over by a street car. In the opinion the court said:

"In this case the fact that this child was unattended upon the street at the time he was killed by the car established prima facie the negligence of his parents. Whether their conduct should be excused or justified by circumstances was a question of fact for the jury and the court should have so instructed."

In the case of St. L. & S. F. Ry. Co. v. Boush, 68 Okla. 301, 174 Pac. 1036, the court said:

"Futhermore, if it had been proper to submit the issue of negligent injury, it was error to refuse to submit the issue of contributory negligence as a defense thereto, as requested by defendants. Perhaps the trial court was of the opinion, as contended by the defendant in error in her brief, that the evidence was insufficient to raise the issue. If we were permitted to consider that question we might so hold. But under the Constitution of this state (art. 23, par. 6, Williams' par. 355) the defense of contributory negligence * * * shall, in all cases whatsoever, be a question of fact and shall, at all times be left to the jury.'"

It is further contended that the court erred in giving to the jury instruction No. 11. The instruction complained of reads as follows:

"Negligence must be proved and cannot be assumed and the mere receipt of an injury is not proof of negligence; and although you may find that the plaintiff may have been damaged, yet it must be shown by the preponderance of the evidence on the part of the plaintiff that such damage was the result of the negligence of the defendant."

The instruction complained of is supported by many decisions of this court.

"The mere fact that an injury occurs carries with it no presumption of negligence. It is an affirmative fact for the injured party to establish that the defendant has been guilty of negligence." C., R. I. & P. Ry. Co. v. Tate, 57 Okla. 215, 156 Pac. 1182.

See, also, Wyman v. C., R. I. & P. Ry. Co., 76 Okla. 172, 184 Pac. 758; C., R. I. & P. Ry. Co. v. Watson, 36 Okla. 1, 127 Pac. 693; New v. Bradshaw, 89 Okla. 205, 214 Pac. 557; Lakey v. Coal Co., 98 Okla. 130, 224 Pac. 309.

Plaintiff further contends that the court erred in instructing the jury on the question of contributory negligence of the child. A number of decisions from other jurisdictions are cited in plaintiff's brief to the effect that a child of tender age cannot be charged with contributory negligence. The only Oklahoma cases cited by plaintiff on this question are those of City of Shawnee v. Cheek, 41 Okla. 227, 137 Pac. 724; and C., R. I. & P. Ry. Co. v. Wright, 62 Okla. 134, 161 Pac. 1070. These cases are referred to in the case of M., K. & T. Ry. Co. v. Perino, supra, where the court said:

"The answer pleaded contributory negligence as a defense and by the provisions of section 6, art. 23, of the Constitution, this defense shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury. And regardless of this constitutional provision, the rule supported by the weight of authority and the better reason is that whether a child has sufficient capacity to understand the danger involved in a certain act so as to make him capable of being guilty of contributory negligence, is ordinarily a question for the jury, and it is also for the jury to determine, under all the facts, whether a child exercised such care and discretion as might reasonably be expected of one of his age, capacity, and experience in the situation in which he was placed (29 Cyc. 642, and cases there cited); and this conclusion is not in conflict with the cases of City of Shawnee v. Cheek, 41 Okla. 227, 137 Pac. 724, and C., R. I. & P. Ry. Co. v. Wright, 62 Okla. 134, 161 Pac. 1070, cited and relied upon by the defendant in error, wherein it was held that it was not error to submit the question of contributory negligence of a child to a jury."

The record discloses that the court gave four separate instruments on the question of contributory negligence one of which was given as requested by the plaintiff.

In the case of C., R. I. & P. Ry. Co. v. Morton, 57 Okla. 711, 157 Pac. 917, it is said in the fourth paragraph of the syllabus:

"Where counsel for plaintiff in error has invited the action of the court upon which he predicates error, he will not be heard to complain thereof."

In other words, a party cannot complain of errors which he has invited. The decisive question in this case is not, we think, whether the deceased child was guilty of contrib-

utory negligence, but whether the defendant was guilty of negligence. Applying this test, we are clearly of the opinion, in view of the facts disclosed by the record, that in the absence of knowledge of the position and consequent danger of the deceased child, the defendant had a right to move its train as it did, and was under no duty of anticipating that children might be playing about or attempting to ride upon its cars.

It is finally contended that the record discloses the persistent misconduct on the part of the attorney for the defendant in the presence of the jury. The record shows that counsel for defendant attempted to introduce testimony to the effect that the plaintiff had been arrested, and that he had forfeited his bond. The trial court sustained an objection of plaintiff's, and further admonished the jury to disregard the questions and answers of the witness, and sustained objections to other questions designed to affect the character of the plaintiff. We think the questions propounded by counsel for defendant were improper and the objections thereto properly sustained. It is not enough, however, to show that improper questions were propounded to a witness—the burden is upon the appellant to show that the error was prejudicial. Before such misconduct of counsel can result in a reversal of the judgment it must appear that substantial prejudice resulted therefrom, and that the jury were influenced thereby to the material detriment of the party complaining. Oklahoma Ry. Co. v. Christenson, 47 Okla. 132, 148 Pac. 94; Hooker v. Wilson, 69 Okla. 43, 169 Pac. 1097.

An examination of the record discloses that the trial court was careful to see that no prejudicial influence resulted from the questions propounded by counsel for defendant as appears from the following statement by the court in the presence of the jury at the time defendant's counsel asked the questions complained of:

"By the Court: If you are not right certain about it, I will sustain the objection for this reason; personally, I don't believe that a man fined in a police court, is sufficient moral turpitude that ought to affect the merits of a case like this."

We cannot say upon the record before us that the plaintiff was, in any manner, prejudiced by the questions asked by counsel for defendant.

It is not apparent from the whole record that the errors complained of resulted in a miscarriage of justice, or constitute a substantial violation of a constitutional or statutory right.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 33 Cyc. pp. 769, 770, 773; anno. 32 L. R. A. (N. S.) pp. 563-576; 22 R. C. L. 926, 927. (2) 29 Cyc. p. 590. (3) 4 C. J. p. 957, § 2938; 2 R. C. L. p. 242; 1 R. C. L. Supp. p. 469; 4 R. C. L. Supp. p. 96, 5 R. C. L. Supp. p. 86. .