## FLEMING et al. v. PATTILLO.

No. 32115. March 12, 1946.

*167 P. 2d 40.*

W. R. Bleakmore and James E. Grigsby, both of Oklahoma City, for plaintiffs in error.

O. A. Cargill, James R. Eagleton, and O. A. Cargill, Jr., all of Oklahoma City, for defendant in error.

PER CURIAM. This is an action brought by Cleo Pattillo against Joseph B. Fleming and Aaron Colnon, trustees of the Chicago, Rock Island & Pacific Railway Company, to recover damages for injuries alleged to have been sustained at a highway crossing on East Reno street in Oklahoma City when the automobile in which she was riding collided with a Diesel switch engine of the defendants.

The sole ground of negligence relied upon by plaintiff at the trial consisted of the failure of defendant's servants to blow the whistle and ring the bell as the train was approaching the crossing. Defendants' answer consisted of a general and special denial and contributory negligence. The trial resulted in a verdict and judgment in favor of plaintiff for the sum of $530.

Defendants have appealed and among other things assert that the evidence is insufficient to sustain the verdict and

judgment and that the trial court should have sustained their motion for a directed verdict.

The evidence, in substance, discloses: Plaintiff, Virginia Hickman, Mrs. Ann B. Cobb, and H. H. Alexander were employees of Douglas Aircraft Company located several miles southeast of Oklahoma City; that these parties had for some time been working at this plant and traveled to and from the plant in a Ford automobile owned by Mr. Alexander; that on the morning of January 8, 1944, while these parties were riding in the automobile and in crossing the tracks of defendant at the point above indicated, the automobile was struck by a switch engine, causing injury to plaintiff. That she was so injured is not disputed. Mr. Alexander was at that time driving the car. Plaintiff was sitting with him on the front seat. Mrs. Cobb and Miss Hickman were riding in the back seat.

Mr. Alexander, the driver of the car, testified that the streets that morning were very slick, that it had been snowing the night before, and that he was driving very slowly; that he was familiar with the location of the tracks of defendants; that he had crossed the tracks at the highway crossing where the collision occurred numerous times prior to the date of the accident; that when he came within about 200 feet of the crossing he looked both ways for the purpose of ascertaining whether any trains were then approaching. He did not see any train; he, however, at that point heard a faint sound which he thought to be a train whistle; that he thought it was the whistle of a train approximately two miles distance and on some other track; that while approaching the track he kept listening for other sounds, but that he did not hear the bell ring nor did he notice or hear any other sound of an approaching train.

Plaintiff testified that on the date of the accident she was riding on the front seat of the car with Mr. Alexander; that Mr. Alexander was driving the car; that she did not look to ascertain whether there were any trains approaching; that she did not hear any whistle sounded nor did she hear the ringing of a bell. There is nothing in the record or evidence which would tend to affirmatively establish that her attention was so attracted to other matters or that she was not in such position that she could have heard such signals or warnings had they been given. While she testified on cross-examination that she was not listening for any special or particular noises, we think her testimony taken as a whole shows that she was in such position and was paying such attention to the matter that she could have heard such signals had they been given. The other occupants of the car both testified that they did not know that they were about to approach the crossing; that they were neither looking nor listening for the approach of a train; that they were engaged in conversation and did not see the train until about the time it struck the automobile; that they heard neither the sound of a whistle nor the ringing of a bell. Their testimony, under the circumstances, we regard of little, if any, probative value.

The trainmen testified that the whistle was sounded and the bell ringing as the train approached the crossing.

This, in substance, constitutes the evidence offered in the case. Defendants contend that it is wholly insufficient to establish that the engineer failed to sound the whistle or ring the bell as the train was approaching the crossing; that the statements of plaintiff's witnesses that they did not hear the whistle blown or the bell rung as the train aproached the crossing are without probative value for the reason it affirmatively appears that they were not paying sufficient attention nor were they in such position as to have heard such signals or warnings had they been given. In support of this contention they rely upon the case of Missouri, Kansas & Texas Ry. Co. v. Flowers, 187 Okla. 158, 101 P. 2d 816. We there said:

"In an action against a railroad company to recover damages to plaintiff's automobile resulting from a collision

with defendant's train at a highway crossing, and the charge of negligence is based upon defendant's failure to sound a warning as provided by section 11961, O. S. 1931, 66 Okla. Stat. Ann. 126, the testimony of the driver of the automobile that he was aware of the railway crossing, but was giving no attention to whether a train was near, negatives his testimony that he heard no warning signal."

Plaintiff relies, among other cases, upon the case of Sand Springs Ry. Co. v. McWilliams, 170 Okla. 85, 38 P. 2d 539. In that case we held:

"Where a witness testifies that he was near the point of collision between an automobile and a switch engine and did not see or hear the proper signals given, and was in a position to see and hear said signals if they had been given, said testimony is negative in form, but not negative in character, and is a positive statement of fact."

In our opinion, the evidence offered in this case brings it within the rule announced in Sand Springs Ry. Co. v. McWilliams, rather than within the rule announced in Missouri, Kansas & Texas Ry. Co. v. Flowers.

In the case of Missouri, K. & T. Ry. Co. v. Flowers, above, plaintiff, owner and driver of the truck, testified that he was not thinking about any trains; that he was traveling downgrade toward the railway tracks at a rate of speed of about 30 miles per hour without any thought of an approaching train.

The evidence in the instant case is to the contrary. It is here shown that the driver of the automobile was thinking about a train. He testified that when he came within a certain distance of the crossing he looked in both directions to ascertain whether there was a train approaching and saw none; that he heard a faint whistle in the distance as above detailed; that he listened for other sounds; that he did not hear the ringing of a bell; that he was familiar with the sound made by the honking of a Diesel engine and the sound he heard was not such sound.

The evidence fairly shows that plaintiff and the witness Alexander were in such position that they could have heard the sound of the whistle and the ringing of the bell if in fact such signal had been given, and their evidence was sufficient upon which to submit the case to the jury. It was within the province of the jury to determine the weight which should be given such testimony. In the case of Kansas, O. & G. Ry. Co. v. Pruitt, 191 Okla. 131, 128 P. 2d 231, we said:

"Defendant asserts there is no sufficient proof of negligence or that the negligence charged was the proximate cause of the accident. As to that, we observe deceased was driving his truck over the railway crossing when plaintiff's train struck and killed him. There was conflicting evidence as to whether proper warning signal was given. The facts determined by the jury from the evidence formed the basis of the verdict. We should not reverse. St. Louis-S. F. Ry. Co. v. Rundell, 108 Okla. 132, 235 P. 491; Collins Cotton Co. v. Wooten-Burton Sales Co., 81 Okla. 67, 196 P. 681."

The trial court committed no error in overruling defendant's motion for a directed verdict.

It is further contended by defendants that the trial court erred in overruling their motion for declaration of a mistrial. In this respect it is disclosed when plaintiff was on the witness stand counsel propounded to her the following questions:

"Q. Now, Dr. Williams testified here this morning that you came up there and talked to him about being a witness in this case; did you have a case pending then? A. No, it was when they paid the other girls for their injuries."

It further appears that in the examination of plaintiff it had developed that she had given a statement shortly after the accident. Her counsel then propounded the following questions:

"Q. When did you give them a statement? A. In Mr. Jennings' office when Dr. Williams went up there. Q. Oh,

that was the same time? A. That was when they settled with them."

These statements of witness relative to the settlement with the other occupants of the car were each objected to by counsel for the defendants and upon each occasion they also moved the court to declare a mistrial. The court ordered such statements stricken and told the jury that such statements of the witness were highly improper and admonished it not to consider them as evidence in the case. Notwithstanding this admonition of the court defendants contend that the failure of the trial court to sustain their request for mistrial constitutes reversible error. We do not agree. The answers consisted of mere voluntary statements of the witness not responsive to the question propounded by counsel for plaintiff. It does not affirmatively appear that defendants were in any manner prejudiced by reason of such statements. The ruling of the trial court and the admonition given by the court to the jury was sufficient to cure any error that might otherwise have resulted from such voluntary statements of the witness. Wray v. Ferris, 187 Okla. 428, 103 P. 2d 942; Grooms et al. v. Johnson, 192 Okla. 527, 138 P. 2d 98.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.