**Fred WITTE, Plaintiff in Error,**

v.

**Jewell FULLERTON, Defendant in Error.**

**No. 39584.**

Supreme Court of Oklahoma.

Oct. 9, 1962.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph M. Best, Joseph A. Sharp, O. H. "Pat" O'Neal, Tulsa, for plaintiff in error.

Norman & Wheeler, Muskogee, for defendant in error.

WILLIAMS, Chief Justice.

Mrs. Jewell Fullerton, defendant in error, filed an action against Fred Witte, plaintiff in error, to recover for personal injuries allegedly received in a motor vehicle collision. Plaintiff in error appeals from order overruling his motion for a new trial following judgment against him based upon jury verdict. The parties are referred to hereinafter as they appeared in the trial court.

Two weeks before trial defendant filed "Motion for Physical Examination" in which he requested the trial court "to require the plaintiff to submit to a physical examination by a doctor to be appointed by the Court". He stated therein that defend-

ant allegedly could not determine the truth of plaintiff's claim of injuries without such examination. The trial court overruled this motion and allowed defendant an exception.

For reversal defendant advances two propositions. The first is that "The Trial Court erred in overruling defendant's motion for physical examination."

Oklahoma has followed the minority view in holding that the trial court does not have authority to require the plaintiff in a personal injury action to submit to a physical examination by medical experts designated by the court.

In Schroeder v. Chicago, R. I. and P. R. Co., (1877) 47 Iowa 375, the Court in holding that trial courts did have power to order a physical examination stated that the object of all court litigation was as far as possible to arrive at the truth and to administer justice, and that:

"It is true, indeed, that on account of the imperfections incident to human nature perfect truth may not always be attained, and it is well understood that exact justice cannot because of the inability of courts to obtain truth in entire fullness, be always administered. We are often compelled to accept approximate justice as the best that courts can do in the administration of the law. But, while the law is satisfied with approximate justice where exact justice cannot be attained, the courts should recognize no rules which stop at the first when the second is in reach."

The rule set forth by the Iowa court has been reasserted by the states of Alabama, Arkansas, California, Colorado, Connecticut, Georgia, Illinois, Indiana, Kansas, Kentucky, Maryland, Michigan, Minnesota, Missouri, Nebraska, Nevada, North Carolina, North Dakota, New Hampshire, Ohio, Oregon, Pennsylvania Tennessee, Virginia, Washington, West Virginia, and Wisconsin.

Delaware, Florida, New Jersey and New York have provided by statute for the physical examination of the plaintiff in a personal injury action.

In the case Wanek v. City of Winona, 78 Minn. 98, 80 N.W. 851, 852, 46 L.R.A. 448, 79 Am.St.Rep. 354, the court stated:

"To allow the plaintiff in such cases, if he sees fit to display his injuries to the jury, to call in as many friendly physicians as he pleases, and have them examine his person, and then produce them as expert witnesses on the trial, but at the same time deny to the defendant the right in any case to have a physical examination of plaintiff's person, and leave him wholly at the mercy of such witnesses as the plaintiff sees fit to call, constitutes a denial of justice too gross, in our judgment, to be tolerated for one moment."

In Depfer v. Walker, 123 Fla. 862, 169 So. 660, 663, the court said:

"In State ex rel. Carter v. Call, [64 Fla. 144, 59 So. 789, 41 L.R.A.,N.S., 1071] supra, we said that the right exercised under section 4968, Revised General Statutes of 1920, was unknown to the common law and should not be extended beyond the terms of the statute, but it now appears that the decided weight of numerical authority is to the effect that courts have inherent power to order a physical examination of the plaintiff in personal injury cases by a competent physician or surgeon when such an examination is necessary to ascertain the nature, extent, or permanency of the injuries complained of. * * *

"The theory buttressing these adjudications is that the court and jury have the right to know the truth of the controversy and to arrive at it they should have the best evidence available. To this end the door should be thrown open for the admission of any competent evidence that will shed light on the

nature and extent of the injury for which compensation is sought."

In 25 C.J.S. Damages § 174a, at pp. 845, 846, is the following language:

"According to the view generally adopted, it is within the inherent power of the court, in an action for damages for personal injuries, to require the injured person to submit to a physical examination for the purpose of determining the extent of the injury, especially in the case of latent injuries the extent of which can be correctly ascertained only through an examination by experts. * * *

"While there is some authority to the effect that an examination must be awarded as a matter of right, the rule supported by the weight of authority is that, in the absence of statute, the matter rests in the sound discretion of the trial court which is to be exercised in the furtherance of justice, and each case is governed largely by its own facts; and * * * unless abused, the trial court's exercise of discretion will not be interfered with on review."

In 3 Jones' Commentaries on Evidence, second edition, section 1383, is the following language:

"Most of the judiciary recognize that if a court is powerless to require a plaintiff to submit himself to a physical examination to the end that the truth as to the nature, effect and possible duration of his injuries may be ascertained, the administration of justice becomes tinged with partiality. The plaintiff, by filing suit, has made his injuries the subject of judicial investigation, but retains the power to stop that investigation at the point where a discovery of actual facts would do him harm. Under such circumstances courts may be made instruments of the most gross injustices. The object for which courts are instituted may be defeated. If the plaintiff's claim is meritorious; if he has suffered the injuries

of which he complains and on account of which he prosecutes his action, what has he to fear from the most rigid examination? If his claim is such as the court should enforce, it could only be strengthened by additional proof."

In 14 R.C.L., 696, § 14 is the following:

"Where a person appeals to the court for justice he impliedly consents to the doing of justice to the other party and impliedly agrees, in advance, to make any disclosure which is necessary to be made in order that justice may be done."

The view of the courts following the majority view, upholding the right to order physical examination, is stated in 3 Jones' Commentaries on Evidence, supra, § 1385. Therein the author states:

"1. Trial courts have the power to order a medical examination by experts of the person of the plaintiff seeking a recovery for personal injuries. 2. A defendant has no absolute right to demand the enforcement of such an order, the motion therefor being addressed to the sound discretion of the trial court. 3. The exercise of such discretion is reviewable by an appellate court, and may be corrected in case of abuse. 4. The examination should be applied for and made before entering upon the trial, and should be ordered and had under the direction and control of the court whenever it fairly appears that the ends of justice require the disclosure or ascertainment of important facts which can only be disclosed, ascertained and fully elucidated by such an examination, and when the examination may be made without injury to plaintiff's life or health or the infliction of serious pain. 5. Refusal of the motion, where the circumstances appearing in the record present a reasonably clear case for examination under the rule stated, is such an abuse of the discretion lodged in the trial court as to warrant reversal of a judgment in

plaintiff's favor. Such an order, it is said, may be enforced, not by punishment as for a contempt, but by staying or dismissing the action."

In general, we agree with the statements, in the next preceding quotation, governing right to physical examination of plaintiff in a personal injury suit.

In the case of Transport Insurance Co. v. McAlister, Okl., 355 P.2d 576, 581, appears a special concurrence written by Mr. Justice Jackson reviewing some of the authorities on this question and suggesting that we should change from the minority to the majority rule in future cases, but that to hold in the case then under consideration an examination of plaintiff should have been granted defendant would amount to an unjustifiable entrapment of plaintiff.

In view of the fact that only three members of this Court joined in the special concurrence in the McAlister case, we do not consider that special concurrence to have given the judges and attorneys of this state sufficient notice of the possibility or likelihood of a change of holding by this Court to warrant a reversal in this case.

■ While we agree with the majority view in principle, we determine that the judgment of the trial court involved in this appeal should not be reversed because of such court's failure to follow such view. In so doing the trial court merely relied upon former decisions of this court and such action by the trial court is affirmed.

■ However, we now specifically overrule the holdings in the case of City of Kingfisher v. Altizer, 13 Okl. 121, 74 P. 107, and other cases of similar import of effect that plaintiff in an action for personal injury need not in any case submit to a physical examination. Rather, we now hold that in all cases tried subsequent to the issuance of the mandate in this case, the trial court upon a timely request therefor, shall have discretionary power to require the plaintiff in a personal injury action to submit to a physical examination.

■ In the case of Transport Insurance Co. v. McAlister, supra, the majority stated in its opinion:

"We are inclined to the opinion that the matter of whether the rule under consideration should be changed at this late date presents a legislative and not a judicial question."

That language is withdrawn in view of our present holding in this case.

■ Defendant's second proposition is that "The Trial Court erred in failing to grant a mistrial when plaintiff in her testimony stated that 'they had arrested defendant' ". On direct examination plaintiff was asked "Did you talk to the truck driver or did he say anything to you?" Plaintiff's answer was "Well, the policeman took me over and put me in his car and the truck driver was in the car; they had arrested him and he was in the car and he said * * *."

Thereupon defense counsel stated that he "would like to make a record". Outside the hearing of the jury he objected to the statement concerning an arrest and moved for a mistrial, which motion was overruled.

Thereafter, the trial court stated: "Ladies and gentlemen, there was a comment made by the witness about an arrest which was totally incompetent as evidence and I desire to admonish you not to consider that comment at all, but to forget completely that it was made and such comment should have no bearing at all on any verdict that you may return in this case. As evidence the comment was absolutely incompetent and you must forget it".

We do not consider the cases cited by defendant to be in point. The case of Redman v. McDaniel, Okl., 333 P.2d 500, involved the repeated reference to insurance by counsel for the plaintiff in the course of the voir dire examination. In Laughlin v. Lamar, 205 Okl. 372, 237 P.2d 1015, the trial court permitted plaintiff to introduce in evidence a Justice of the Peace criminal docket showing the filing of a criminal complaint against the defendant

for reckless driving by reason of the collision and the receipt of $19 as payment of fine and costs. Goodwin v. Continental Casualty Co., 175 Okl. 469, 53 P.2d 241, was an action on a life insurance policy and it was held that the record of the beneficiary's conviction for taking the life of the assured could not be received in evidence.

In Andrews v. Moery, 205 Okl. 635, 240 P.2d 447, 451, we said:

"It appears that after the patrolman had completed his investigation of the accident he was asked by counsel for plaintiff what he then did. He replied that he placed Mr. Sidwell, the driver of the truck, under arrest. Defendants objected to this evidence and moved the court to declare a mistrial. The court sustained the objection, struck the evidence and instructed the jury not to consider it, but overruled defendants' motion to declare a mistrial. We think the court ruled correctly in this respect. The action of the court in striking the evidence and instructing the jury not to consider it was sufficient to remove any prejudice which defendants might otherwise have suffered by the introduction of this evidence. Fleming v. Pattillo, 196 Okl. 557, 167 P.2d 40; Grooms v. Johnson, 192 Okl. 527, 138 P.2d 98."

It does not necessarily follow that a mistrial should be declared simply because the plaintiff made an incompetent comment.

In Jenkins v. Davis, 111 Okl. 191, 239 P. 135, 138, we said:

"* * * the burden is upon the appellant to show that the error was prejudicial. Before such misconduct of counsel can result in a reversal of the judgment, it must appear that substantial prejudice resulted therefrom, and that the jury were influenced thereby to the material detriment of the party complaining. Oklahoma Ry. Co. v. Christenson, 47 Okl. 132, 148 P. 94; Hooker v. Wilson, 69 Okl. 43, 169 P. 1097."

We conclude from the record that the refusal of the trial court to declare a mistrial did not materially affect defendant's substantial rights, nor did it probably result in a miscarriage of justice, and consequently does not constitute reversible error.

However, this Court does not intend to express its approval of indiscriminate blurting out by parties or witnesses of prejudicial remarks about such matters as arrests and insurance. See Pratt v. Womack, Okl., 359 P.2d 223.

In accordance with plaintiff's request, judgment in the sum of $5,000.00 is hereby rendered against Fred Witte, principal, and the Standard Insurance Company, surety, on their supersedeas bond filed herein together with interest at 6% from the date judgment was entered below and the costs of this action; such judgment to be enforced by the trial court as if therein rendered.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V.C. J., and WELCH, JACKSON and IRWIN, JJ., concur.

HALLEY, J., concurs in part and dissents in part.

BERRY, J., concurs in result.

DAVISON and JOHNSON, JJ., dissent.

HALLEY, Justice (dissenting).

I think that since we are overruling City of Kingfisher v. Altizer, 13 Okl. 121, 74 P. 107, and holding in so many words that from now on the defendants shall be permitted to examine a plaintiff in a personal injury action before or during trial that this case should be reversed for a new trial. The majority opinion says it is now error not to allow the physical examination. It was error when this case was tried below because the overruling of a decision is generally retrospective. I quote from 21 C.J.

S. Courts § 194, which I think is applicable here:

"The overruling of a decision generally is retrospective and makes the law at the time of the overruled decision as it is declared to be in the last decision. The overruled decision as a precedent is thereby destroyed, but it remains the law of the particular case in which it was rendered."

I dissent.