Catherine ELLSWORTH, Plaintiff in Error,

v.

Larry BROWN, a minor, by his mother and next friend, Mrs. Virginia Brown, Defendant in Error.

No. 40155.

Supreme Court of Oklahoma.

Dec. 17, 1963.

Fred M. Mock, Oklahoma City, Frank Carter, Enid, Robert S. Baker, Oklahoma City; Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, of counsel, for plaintiff in error.

Richard E. Romang, Enid, O. A. Cargill, Jr., Oklahoma City, for defendant in error.

IRWIN, Justice.

Larry Brown, a minor, by his mother and next friend, Mrs. Virginia Brown, commenced an action against defendant, Catherine Ellsworth, to recover damages for personal injuries sustained as a result of a collision between a motor scooter, being operated by the minor Larry Brown, and an automobile being operated by Catherine Ellsworth. The jury returned a verdict in favor of defendant and judgment was rendered accordingly. The trial court sustained plaintiff's motion for a new trial for the reason the trial court had, in effect, ordered the minor plaintiff to submit to a physical examination by a doctor selected by the trial court. Defendant, Catherine Ellsworth, perfected her appeal from the order sustaining plaintiff's motion for a new trial.

The only issue involved in this appeal is whether the trial court erred in granting the new trial on the grounds that it should not have ordered the minor plaintiff to submit to an examination by a physician selected by the trial court and for other reasons stated by the trial court which relate to the same issue.

In determining this issue we should be cognizant of the case of Transport Insurance Co. v. McAlister, Okl., 355 P.2d 576, which was promulgated prior to the trial of this cause; and the case of Witte v. Fullerton, Okl., 376 P.2d 244, which was promulgated after the trial of this cause. In the Transport Insurance Co. case, supra, we held that in a personal injury action a trial court is without authority to order plaintiff to submit to a physical examination by either a physician appointed by the court or one selected by the defendant unless the plaintiff takes the stand to testify and exhibits the alleged injured portion of his body to the jury.

In Witte v. Fullerton, supra, defendant filed a motion requesting the trial court "to require the plaintiff to submit to a physical examination by a doctor to be appointed by the court". The trial court relying upon former decisions of this Court, denied the request. The verdict and judgment were in favor of the plaintiff and on appeal defendant contended the trial court erred in denying its motion to require plaintiff to submit to a physical examination. We affirmed the judgment of the trial court and said it merely relied upon former decisions of this Court in refusing to require plaintiff to submit to a physical examination.

However, in the Witte v. Fullerton case, supra, in Syllabus I, we held:

"The trial court in the exercise of its discretion in personal injury actions upon timely request therefor may properly order plaintiff to submit to a physical examination. The opposite rule heretofore adhered to by this court in City of Kingfisher v. Altizer, 13 Okl. 121, 74 P. 107, and other cases of similar import is specifically overruled."

In the body of the opinion we held that in all cases tried subsequent to the issuance of the mandate in that case, the trial court upon timely request therefor, shall have discretionary power to require the plaintiff in a personal injury action to submit to a physical examination. In that case we did not consider the effect of a trial court ordering a plaintiff to submit to a physical examination in a personal injury action as that issue was not before the Court.

Had we sustained defendant's contention and reversed the judgment on the grounds the trial court failed to properly exercise his discretion with reference to requiring plaintiff to submit to a physical examination, such reversal would have amounted to an unjustifiable entrapment of plaintiff which could hardly have been justified in view of the long line of decisions from this Court relied upon by plaintiff, who refused to submit to a physical examination. In this connection see the special concurring opinion in Transport Insurance Company v. McAlister, supra. An examination of the two cases clearly shows sound and logical reasoning why our holding in Witte v. Fullerton, as stated in the syllabus above set forth, was not applied in that case.

■ However, there is a clear cut distinction between the facts in the case at bar and the facts in the Witte v. Fullerton case. In that case, the verdict and judgment were in favor of plaintiff and an application in that case of the rule announced therein would have amounted to an unjustifiable entrapment. In the instant action, the verdict of the jury was for the "defendant and against the plaintiff" and judgment was rendered accordingly. Therefore an application of the rule announced in the Witte v. Fullerton case, supra, would not amount to an unjustifiable entrapment of plaintiff as no entrapment is involved. We can only conclude that we should apply the rule announced in Witte v. Fullerton, supra, in the case at bar, if by its application, the substantial rights of the plaintiff are not materially affected. If plaintiff's substantial rights are materially affected by such application, plaintiff would be entitled to a new trial. See Title 12 O.S.1961 § 651.

We will now examine the record to determine if the substantial rights of plaintiff have been materially affected by the trial court's order requiring the plaintiff to submit to a physical examination to be conducted by a physician selected by the trial court.

At the pre-trial conference defendant requested an examination of the minor plaintiff by a doctor of defendant's selection. Plaintiff's attorney stated that plaintiff would not object to an examination if the defendant would submit a list of five doctors and let plaintiff select one of them to make the examination. Defendant refused this offer and the trial court then denied defendant's request for a physical examination by a doctor selected by defendant. The trial court then offered to require the plaintiff to be examined by one of five doctors to be named by the court, unless there was some showing that such doctor or doctors should be disqualified.

Plaintiff's counsel stated he would have no objections providing plaintiff could make the selection. Defendant refused to accept these terms and plaintiff made a selection from the list submitted by the trial court. The court then stated, "To the exclusion of the others. The court will make the selection, but will give both sides an opportunity to object". The record discloses that defendant excepted to the ruling but plaintiff did not. In arguing the motion for a new trial plaintiff stated that he did object to the selection of the trial court.

After the jury was empaneled the trial court told the jury that at the pre-trial conference, with the agreement of counsel, the court stated that it would select a doctor to examine the minor plaintiff and after discussion with the attorneys, both personally and by correspondence, the court selected Dr. Jacobs. Neither party objected to this statement of the trial court.

During the trial the minor plaintiff was called to the witness stand to testify in his own behalf. During his examination one of his attorneys asked him to remove his shirt and exhibit the scars on his arms that resulted from the injuries sustained in the accident. This he did. The attorney also asked him to pull up his pant leg and exhibit a scar on his leg and point out the area of numbness caused by the injury. This he did. At the request of his attorney he removed his shoe and stocking and pointed out to the jury the spot where his foot was broken and where a knot had formed.

Thereafter, Dr. Jacobs, the court appointed physician, was called to testify on behalf of the defendant. Plaintiff did not object to his testifying or in any manner indicate that he was not a competent witness or that his testimony was not admissible.

The mother of the minor plaintiff, who brought this action in his behalf, while on the witness stand in rebuttal stated, "I gave them permission to take him to their doctor that they wanted me to". In response to a question whether she agreed that her son be examined by a doctor at defendant's request, she answered "yes". During the trial one of the attorneys for plaintiff stated that "* * * as I understand the pre-trial, they made a request and Mr. Romang said he would agree to it. There were five doctors chosen and Your Honor selected one out of the five and it was their request that this boy be examined. We agreed to it." During the argument to the jury, one of plaintiff's attorneys stated, "* * * Because we gave our consent for him to be examined by a doctor for them and we didn't have to do that under the law, but we didn't have anything to hide, and we had no objection to his being examined, so long as he wasn't a doctor that was regularly on their pay roll. * * * I don't think that Dr. Jacobs had any particular interest in this case."

In sustaining plaintiff's motion for a new trial the court stated, inter alia, that it had erred in appointing Dr. Jacobs as examining physician to examine the minor plaintiff; that it was error to state to the jury that with agreement of the plaintiff's and defendant's counsel, that the court selected an examining physician; that even though plaintiff's mother may have stated that she consented to have her minor son examined, she had no authority and her consent was without force and effect.

Without question, plaintiff was willing to submit to a physical examination if he could select a doctor from the list of five doctors submitted by the trial court. Although plaintiff states he objected to the selection of Dr. Jacobs, there is nothing in the record disclosing his objection. After the minor plaintiff, at the request of his attorneys, exhibited his injuries to the jury, defendant would have been entitled to have plaintiff submit to a physical examination by a doctor selected by her. See Jewel Tea Co. v. Ransdell, 180 Okl. 203, 69 P.2d 69, wherein we held that the right to refuse a physical examination is not peculiar to minors, but extends to adults and minors alike, and both stand in the same position when they voluntarily introduce their bodies or portions thereof in evidence. However, the court had already selected a doctor to make the examination and it would have been a vain and useless thing for defendant's attorney to request another examination or for the trial court to order another examination.

It might be argued that had not the trial court selected the doctor and ordered plaintiff to submit to a physical examination, plaintiff would not have exhibited his injuries to the jury which would have given defendant the privilege of having plaintiff examined. Such argument would be purely speculative as it does not appear that plaintiff objected to being examined and he had substantial medical proof and the record conclusively shows that plaintiff sustained injuries as a result of the accident. It appears that plaintiff must have wanted the jury to think or know that he consented to be examined for it was brought to the attention of the jury by plaintiff's counsel during the examination of a witness and in closing argument.

Although plaintiff requested two special instructions, which were refused by the trial court, with exceptions, neither the plaintiff nor the defendant filed an exception to any of the court's instructions. Since the record conclusively shows that plaintiff sustained injuries as a result of the accident, and the general verdict of the jury found "for the defendant and against the plaintiff", there inheres in said verdict and judgment a finding that plaintiff failed to prove and establish actionable negligence against the defendant.

Under the facts in the case at bar, we can only conclude that the substantial rights of the plaintiff were not materially affected by the trial court submitting a list of five doctors to the plaintiff and defendant and after they could not agree as to whom should be selected from the list, the trial court made the selection. We further conclude that the trial court did not abuse its discretion in ordering plaintiff to submit to a physical examination by a physician selected by the trial court and the trial court erred in granting a new trial.

The order of the trial court sustaining plaintiff's motion for a new trial is reversed with directions to vacate such order and enter an order overruling plaintiff's motion for a new trial.

Reversed and remanded with directions.